JACK J. RANDOLPH, Jr., PETITIONER-DEFENDANT, v. E. I. DuPONT de NEMOURS & COMPANY, RESPONDENT-PROSECUTOR.

Submitted October 6, 1942—Decided July 22, 1943.

Before Justices DONGES and COLIE.

For the prosecutor, *Katzenbach, Gildea & Rudner* (*Louis Rudner*), and *Carl E. Geuther,* of the Pennsylvania bar.

For the defendant, *Frank S. Farley* and *Julius Waldman.*

The opinion of the court was delivered by

DONGES, J.   This *certiorari* brings up proceedings in the Salem County Court of Common Pleas affirming a determination and judgment of the Workmen's Compensation Bureau, awarding to petitioner-respondent compensation for 100% loss of the right eye, together with temporary disability benefits from August 13th, 1940, to October 28th, 1940, and other charges and assessments and counsel fee.

Petitioner-respondent, while employed by the respondent-prosecutor, on June 14th, 1940, at its plant at Deepwater, New Jersey, was injured by being hit in the eyes by a stream of aniline, whilst "drumming" aniline. His eyes were injured and he was treated at the plant hospital and then was sent by his employer to Dr. William M. Pierson, an eye specialist, who treated him from June 17th, 1940, to August 8th, 1940, and from August 16th, 1940, to October 28th, 1940.

A petition was filed on October 24th, 1940, alleging that petitioner had sustained the loss of an eye as a result of an accident occurring on June 14th, 1940, and arising out of and in the course of his employment. Respondent admitted the accident of June 14th, 1940, and that petitioner had been paid temporary disability benefits from June 14th, 1940, to July 8th, 1940, and from July 18th to August 8th, 1940, but denied that petitioner had suffered any permanent disability from the accident mentioned; and alleged that the petitioner had fallen downstairs at his home on August 13th, 1940, when he sustained a traumatic cataract of the right eye from glass piercing the eye.

The facts as to the several happenings are not controverted. That petitioner suffered injury to both eyes on June 14th is not disputed. It is stipulated that on the morning of August 13th, petitioner went to the plant hospital for treatment of his eyes; that he received treatment and the plant physician prescribed dark glasses. The plant hospital record of August 13th, 1940, shows the following:

"9:30 A. M. Patient complains of pain in right eye. Examination discloses an edematous condition of both eyelids. Right eye, C conjunctivitis more pronounced in lower half of right eye ball. Cold compresses and to continue with the prescription given by Dr. Pierson."

It was testified that petitioner spent the greater part of the day at the plant hospital; that he complained of pain in his right eye; that he applied cold bottles to his eye; and that, for about a week preceding August 13th, his eyes were "terribly bloodshot;" that about 11 o'clock that evening he fell down stairs in his home; that his dark glasses broke and cut his right eye; that he went to a local physician to

have treatment, and some glass was removed; that he went to the plant hospital on August 15th and was advised to continue the prescribed treatment, and on August 16th was taken to Dr. Pierson.

The Bureau and Judge Sharp, sitting in the Common Pleas, found as follows:

"It is my conclusion, from the testimony presented, that the petitioner was in the employ of the respondent on June 14th, 1940, at the plant of the respondent at Deepwater, New Jersey; that on that day he sustained an accident arising out of and in the course of his employment with the respondent; that the accident occurred when aniline entered petitioner's both eyes and as a result thereof there was an injury to both the right and the left eye; that the respondent had knowledge of the occurrence of the injury within the time prescribed by the Workmen's Compensation Act; that petitioner's wages were $31.77 per week, making his compensation rate $20 per week; that on August 13th, 1940, as a result of the accident sustained by him on June 14th, 1940, petitioner had another accident when he fell down a flight of stairs; that at the time of that accident the petitioner was wearing dark glasses; that a portion of the glass entered his right eye, further injuring same, and resulting in a traumatic cataract of that eye. The occurrence of August 13th, 1940, is reasonably attributable to the accident of June 14th, 1940, and meets the test: Is the injury reasonably attributable to a proximate cause set in motion by the accident of June 14th, 1940?"

With this conclusion we agree.

The respondent-prosecutor, in its brief, says: "There is only one question involved in this case, which is as follows: Can the permanent disability to the right eye which admittedly resulted solely from the second accident occurring in the petitioner's home and unrelated to his employment, be attributable to the first accident for which the respondent is responsible and which resulted in no permanent disability, i. e., is the second accident the natural and proximate result of the first accident?"

In *Newcomb* v. *Albertson*, 85 *N. J. L.* 435, Mr. Justice Swayze, in dealing with a case where a condition developed during treatment of a fracture of an arm, said: "It is better, however, to put the matter in the plain English used by Lord Loreburn in his judgment in the House of Lords in a case arising under the English statute. *Clover, Clayton & Co., Ltd.*, v. *Hughes* (1910), *A. C.* 242. He says: 'It seems to me enough if it appears that the employment is one of the contributing causes without which the accident which actually happened would not have happened, and if the accident is one of the contributing causes without which the injury which actually followed would not have followed.'"

In *Selak* v. *Murray Rubber Co.*, 8 *N. J. Mis. R.* 838; *affirmed*, 108 *N. J. L.* 548, it was said:

"If a reasonably prudent person innocently aggravates the harmful effect of the original injury the original wrongful cause continues to the end, and accomplishes the final result." Citing cases. To the same effect is *Lazzio* v. *Primo Silk Co.*, 114 *Id.* 450.

The Court of Appeals of the State of New York laid down the same rule. *Chiodo* v. *Newhall Co. et al.*, 254 *N. Y.* 534; 173 *N. E. Rep.* 854.

Prosecutor relies upon the case of *McDonough* v. *Sears-Roebuck and Co.*, 127 *N. J. L.* 158, but in that case there was an independent intervening cause in the form of the deliberate and negligent act of the workman in striking a match while his hand was wrapped in an alcohol soaked bandage, an act which he had been warned not to commit. No such independent cause exists in the present case. The fall down the stairs is testified to have been the result of wearing the dark glasses, which, of course, was made necessary by the original accident.

We conclude that the injury suffered by petitioner on August 13th, 1940, was caused by the injury of June 14th, and that the Bureau and Common Pleas did not err in law or in fact in holding that petitioner was injured by an accident arising out of and in the course of his employment, and that the judgment of the Common Pleas under review should be affirmed, with costs.