The Workmen's Compensation Bureau entered judgment for the petitioner; on appeal to the Hudson County Court of Common Pleas, the judgment was affirmed; and the former Supreme Court allowed a writ of certiorari to review.
Petitioner, on May 21, 1946, fell and injured his left knee in an accident which arose out of and in the course of his employment by the respondent. He was treated by the company doctor, who placed a cast on his injured leg. The cast was described as a heavy cast which extended from just above the left ankle to above the knee. Permission to walk with the cast was given by the company doctor. On July 14, 1946, while the cast was still on his leg, he attended a wedding reception, and while there suffered an injury to his right arm. He described the accident as follows:
"It was at a wedding reception, and I was inside in the living room. We heard all the horns blowing outside, and we thought it was the bride and wedding party back again. As I was going down the steps, I saw this little child on the steps. I thought it was going to fall, and I went to grab it. My cast was on the step, and I lost my balance, and I did not want to break the cast by jumping, so I threw all the weight on my right side, and it was too much for my right arm, so I broke my right wrist."
On cross-examination, he testified that he did not rush, he couldn't rush, but he walked out the front door; that two or three people were on the porch with him and the others were on the ground; that there were six or seven steps; that two little girls about two or three years old were on the top step and as one of them seemed to be falling off, he reached out to grasp her; and that "as I went down the steps, the cast hit the step I was stepping off. That is what made me lose my balance, the cast." Dr. Flannagan reported that, in his opinion, the fall was the direct result of a circular plaster cast which the patient was wearing on one of his lower extremities and which prevented him from regaining his balance before falling. *Page 248 
The judgment under appeal awarded twenty-five per cent of total disability covering both injuries — the injury to the left leg and the injury to the right arm.
The only question before us is whether the employer is responsible for payment of compensation for the injury to the arm. The fact that the second injury was a wholly independent injury and not merely an aggravation of a compensable injury makes no difference in the result if the second injury is directly connected in a chain of physical causation with the compensable injury. Flanagan v. Charles E. Green Son,122 N.J.L. 424 (E. A. 1938). The chain of physical causation with the compensable injury may be broken by the negligence of the employee. McDonough v. Sears, Roebuck Co., 130 N.J.L. 530 (E. A. 1943). The fact that this employee was suffering from a leg injury and wore a cast, placed a burden upon him to restrict his activities as an ordinarily prudent man would have done under like circumstances. However, the injury and the wearing of the cast did not require the cessation of all activity. We find nothing in the evidence in this case which would lead an ordinarily prudent man to believe that, under all the circumstances, attendance at this wedding reception would be hazardous, and we find no action of the injured employee which created a hazard. His attempt to save a falling tot from harm was an instinctive act and innocently contributed to the second injury. We conclude that the second injury is directly connected in a chain of physical causation with the compensable injury.Randolph v. E.I. duPont de Nemours Co., 130 N.J.L. 353(Sup.Ct. 1943).
The judgment under review is affirmed. *Page 249