This is an appeal from a judgment rendered by the County Court which awarded compensation to the petitioner for injury resulting from an accident on June 17, 1947, but denied any award for a subsequent accident on January 31, 1948.
On June 17, 1947, the petitioner Roosevelt Mack, while in the employ of the respondent M S Maintenance Co., suffered a fracture of the left leg. Admittedly, this accident arose out of and in the course of his employment and was compensable. He was treated by Dr. Siegal until October 4, 1947. Thereafter, as a result of an informal hearing before the Workmen's Compensation Bureau, he received physiotherapy, whirlpool and cold ray treatment from Dr. S.W. Emmer between December 13, 1947, and January 30, 1948. Dr. Emmer testified that when the petitioner visited him on January 30, 1948, there had been considerable improvement and "I advised him at that particular date I was ready to discharge him;" he further testified that although the petitioner had earlier used a cane, he did not see any cane on his last few visits.
The petitioner testified that he was treated by Dr. Emmer on January 30, 1948, at about noon and that he was scheduled to return the following Monday for a further treatment. He states that he left the doctor's office about 12:30 P.M., went to the Pennsylvania Railroad Station at Newark where he remained for about an hour, had lunch at the Grant Lunchroom on Market Street, returned to the railroad station about 2 P.M., remained there for almost eleven hours until 12:30 or 1 A.M. January 31, 1948, and then boarded a bus to Kearny where he lived. The weather was very cold and there was snow and ice on the ground. The petitioner testified that after having alighted from the bus and while walking home his right foot slipped causing him to throw his weight on his left foot and as he "tried to snatch it up" he "unbalanced" himself, slipped and broke his left leg. He was taken to a hospital where X-rays were taken by the hospital roentgenologist Dr. Joseph H. Wyatt. Dr. Wyatt testified that the X-rays disclosed a "healed fracture at about 2 1/2 inches from *Page 253 
the malleolus, and a recent fracture about the junction of the distal and middle thirds of the tibia" and that there was "bony union and good alignment" of the healed fracture. Dr. Emmer examined the petitioner in June, 1948, and also examined the X-rays which were taken by Dr. Wyatt. In response to an inquiry as to whether there was any relationship between the June 17th and January 31st fractures, he stated, they were "separate and distinct fractures" and had no relationship medically. The testimony by Dr. Kummel on petitioner's behalf as to the location of the fractures did not significantly differ from that of Drs. Emmer and Wyatt.
The primary issue before the County Court was whether, in the light of the evidence in the case, the petitioner had established that the second break on January 31, 1948, was attributable to the admittedly compensable accident on June 17, 1947; if the earlier injury was unrelated to, and was not a contributing cause of the later injury, the petitioner's claim for compensation for the later injury must fail. See McDonough v. Sears, Roebuck Co., 130 N.J.L. 530 (E. A. 1943). Cf. Kelly v. FederalShipbuilding and Dry Dock Co., 1 N.J. Super. 245,64 A.2d 92 (App. Div. 1949). The issue was entirely factual and the County Court expressly found that the second injury was not due to any weakened condition of the left leg, was not causally connected with the first accident, and resulted from independent causes. Our interpretation of the testimony is in accord and our finding is that the petitioner had not established that the accident of January 31, 1948, arose out of and in the course of his employment.
In the light of the foregoing, we need not discuss the second ground upon which the County Court rested its decision, namely, that the petitioner's conduct in remaining at the railroad station until the early morning hour, despite the inclement weather conditions, constituted such negligence in the care of his earlier injury as would bar his claim for the later injury even if it had been causally related. See McDonough v. Sears,Roebuck Co., 127 N.J.L. 158, 163 (Sup. Ct. 1941); affirmed, McDonough v. Sears, Roebuck Co., supra.
The judgment of the County Court is affirmed. *Page 254