# Staunton.

## CLINCHFIELD CARBOCOAL CORPORATION, ET AL., V. L. B. KISER.

### September 18, 1924.

1. WORKMEN'S COMPENSATION ACT—*Compensation—Accident a Prerequisite.*—It is clear that the Virginia workmen's compensation act, like the English workmen's compensation law, provides compensation only for "injury by accident," and not for every "personal injury" an employee may sustain.  The Virginia act, unlike the Massachusetts act (Laws 1911, chapter 751, as amended by Laws 1912, chapter 571), makes the occurrence of an accident a condition precedent to compensation.

2. WORKMEN'S COMPENSATION ACT—*Accident a Prerequisite to Compensation—Occupational Disease.*—It is not sufficient that the employee contract an occupational disease which arises out of, and in the course of, his employment, but the disease must result naturally and unavoidably from an accident; otherwise the employee cannot demand compensation.

3. WORKMEN'S COMPENSATION ACT—*Accident a Mixed Question of Law and Fact which is Properly Reviewable.*—In the instant case the Industrial Commission did not, as contended, find as a fact that the claimant suffered an accident while in the employ of the defendant, and if it had so found, its finding in that respect would not be binding upon the Supreme Court of Appeals, for the reason that whether, under a given state of facts and circumstances, an employee has suffered an accident, within the meaning of the workmen's compensation act, is a mixed question of law and fact which is properly reviewable by the Supreme Court of Appeals.

4. WORKMEN'S COMPENSATION ACT—*Accident—Notice—Employee Contracting Tuberculosis after having Suffered from Gas—Case at Bar.*—In the instant case a workman employed about a coke plant, while scraping out offtake pipes, was injured by escaping gas.  The gas made him sick, and his nose bled.  He complained to the foreman and the employer's physician on several occasions that he was suffering from a severe cold and thought the gas was affecting him, and they told him the gas would not hurt him.  It nowhere appeared that he told them that he complained of an accident, or of his nose bleeding, or

of becoming very sick at any particular time. He admitted that the first notice of the alleged accident of which he complained was not given within thirty days after its occurrence.

*Held:* That the employee was not entitled to compensation under the workmen's compensation act.

Error to a judgment of the Circuit Court of Russell county, affirming an award and judgment of the Industrial Commission of Virginia, directing that an employer pay an employee disability compensation.

*Reversed.*

The opinion states the case.

*Williams & Mullen,* for the plaintiffs in error.

*M. M. Long,* for the defendant in error.

WEST, J., delivered the opinion of the court.

This is a writ of error to a judgment of the Circuit Court of Russell county, affirming an award and judgment of the Industrial Commission of Virginia, directing that the employer pay to the appellee $12.00 per week, during disability, beginning September 20, 1921, for not to exceed 375 weeks.

L. B. Kiser was employed by the Clinchfield Carbocoal Corporation on October 5, 1920, and worked for it until September 20, 1921. He began as scraper-man, and was later promoted to foreman. The corporation was engaged in making nathaline, ammonia, carbolic acid, and other by-products of coal. In making these products, the coal was placed in a retort where it was subjected to heat and gradually moved through the retort until it was forced out as coke, the gas having been,

in the meantime, extracted. The gas given off was carried through off-take pipes to the main gas line, through which it passed to the exhaust, where it was converted into liquid form. If the off-take pipes or the return pipe line became blocked, or stopped up, the gas would escape.

Kiser's duties included scraping out off-take pipes, and he was at times exposed to certain gases. When at work with "scrapers" used in cleaning out the off-take pipes, the gas discharged practically in the face of the man so engaged. About the first of January, 1921, Kiser was injured by escaping gas. The gas made him very sick and his nose bled. He inquired of his foreman and the company's physician whether the gas would hurt him, and complained of a severe cold. He continued to work but gradually grew worse until he was compelled by his condition to stop work entirely. On September 5, 1921, the doctor examined him and found him suffering with tuberculosis. No formal notice was given the corporation by the claimant until October 15, 1921.

The appellants assign as error the action of the court in affirming the award and judgment of the Commission, because, under the statement of facts, the Commission erred in holding as a matter of law:

1. That appellee suffered an accident while in the employ of the employer, within the meaning of the workmen's compensation act.

2. That appellee gave employer sufficient notice of accident, as required under section 23 of said act.

3. That employer was estopped from setting up the statute of limitations against appellee.

Did Kiser suffer an accident while in the employ of the Clinchfield Carbocoal Corporation, within the mean-

ing of the workmen's compensation act? This question must be answered in the negative.

The workmen's compensation act (Laws 1918, chapter 400), section 2 (d), provides as follows:

" 'Injury' and 'personal injury' shall mean only *injury by accident* arising out of and in the course of the employment and shall not include a disease in any form except where it results naturally and unavoidably from the accident."

[1] It is clear that this act, like the English workmen's compensation law, provides compensation only for "injury by accident," and not for every "personal injury" an employee may sustain. The Virginia act, unlike the Massachusetts act (Laws 1911, chapter 751, as amended by Laws 1912, chapter 571), makes the occurrence of an accident a condition precedent to compensation.

[2] It is not sufficient that the employee contract an occupational disease which arises out of and in the course of his employment, but the disease must result naturally and unavoidably from an accident; otherwise, the employee cannot demand compensation.

When asked as to the effect of the gases upon him, appellee testified as follows:

"On one occasion it made me very sick and my nose bled, and it was for some little time that I was not able to do anything at all. You could only stay in this gas when it was dense for a half or one minute at a time, until you had to go out and get fresh air.

"Q. When did it make you sick and your nose bled?

"A. About the first of the year 1921. I don't remember the date exactly."

The English act and the Virginia act being similar in requiring the injury to be caused by accident to be com-

pensable, the English authorities are strongly in point here.

In *Eke* v. *Hart-Dyke* (1910), 2 K. B. 677, it was held: "Except in the case of the industrial diseases provided for by section 8, unless the applicant can indicate the time, day, circumstances and place in which the accident occurred, which occasioned the disease, by means of some definite event, a case of injury by accident within the meaning of section 1, subsection 1, of the act cannot be established."

In *State* v. *Cammell* (1905), 2 K. B. (Eng.) 232, a workman whose employment necessitated the handling of white and red lead, gradually accumulated lead in his system, which ultimately caused partial paralysis, and incapacitating him for work. The court held that to bring the case within the act, the injury must be caused by an accident of which notice can be given, and that since it was not possible to indicate a time at which there was an accident which caused the injury to the workman, he was not entitled to compensation under the act.

In *Broderick* v. *London County Council* (1909), 2 K. B. 807, the workman contracted enteritis from inhaling sewer gas in the course of his employment. It was held that this was not a case of "injury by an accident" within the meaning of the workmen's compensation act.

In *Miller* v. *American Steel & Wire Company* (1916), 90 Conn. 349, 97 Atl. 345, L. R. A. 1916-E, 510, the Connecticut Supreme Court of Errors held, notwithstanding the statute in that State does not contain the words, "by accident," that lead poisoning arising from working in the usual course of business, in a room containing lead fumes, is an occupational disease not within the operation of the workmen's compensation act pro-

viding compensation for personal injury arising out of, and in the course of, employment.

In *Kane* v. *New Haven Union Co.*, 1 Conn. W. C. D. 492, it was held that tuberculosis which develops gradually as an occupational disease and is not due to traumatism, is not a compensable injury.

[3] The Industrial Commission does not, as contended, find as a fact that the claimant suffered an accident while in the employ of the defendant; and if it did its finding in that respect would not be binding upon this court, for the reason that whether under a given state of facts and circumstances an employee has suffered an accident, within the meaning of the workmen's compensation act, is a mixed question of law and fact which is properly reviewable by this court. We find no proof that the employee suffered an accident. He simply developed an occupational disease which did not result from an accident.

[4] Appellee did not testify that he suffered an accident. He did testify that he complained to the foreman and the employer's physician on several occasions that he was suffering from a severe cold and thought the gas was affecting him, and that they told him the gas would not hurt him. But it nowhere appears that he told them that he complained of an accident, or of his nose bleeding, or of becoming very sick at any particular time. He admits that the first notice of the alleged accident which he claims occurred in January, 1921, was given to the employer on October 15, 1921. The statute requires that notice be given within thirty days after the occurrence of the accident, with certain exceptions.

For the foregoing reasons, we are of the opinion that the appellee did not suffer an accident while in the employ of the plaintiff in error, within the meaning of the workmen's compensation act.

Our conclusions on the first, make it unnecessary to consider the remaining assignments of error.

The judgment complained of will be reversed and set aside, and final judgment entered here for the plaintiffs in error.

*Reversed.*