**FARMERS GIN CO. et al. v. COOPER et al.**

No. 21553. Opinion Filed Dec. 16, 1930.

Clayton B. Pierce and T. B. Rucker, for petitioners.

J. Berry King, Atty. Gen., and Robert D. Crowe, Asst. Atty. Gen., for respondents.

RILEY, J. Carl W. Cooper, while engaged in hazardous employment with the Farmers Gin Company, at Granite, on the 19th day of October, 1929, received an accidental personal injury to his eye, which injury was caused by a cotton "bur" striking him in the eye as he worked as a "gin section man." Claimant lost only one-half day's work as a result of that accident, and so the injury was not compensable in that it did not continue over the statutory waiting period. However, after returning to work, the eye continued to bother claimant, and Dr. Nunnery, who had administered treatment to claimant, had advised him to go to a specialist for further eye treatment, and so claimant decided to seek the service of Dr. Hollis of Mangum. On the 8th day

of November, 1929, a rainy day, claimant secured permission of his employer to go to Mangum for the stated purpose, which he did while receiving pay. Claimant drove to Mangum in his own car, received treatment, and started home, when his automobile collided with another, in which accident claimant sustained a fractured patella of the left leg, resulting in disability to perform manual labor for several months.

The facts are not in dispute. The Commission allowed compensation from the date of the knee fracture to May 10, 1930, the same being 25 weeks, 3 days beyond the waiting period, at the rate of $15.39 per week, or a total amount of $393.44.

The contention of petitioners here is that the injury did not arise out of, nor in the course of the employment of claimant, whereas the Commission found that the eye injury arose out of and in the course of employment and that the knee injury resulted from the eye injury. The Commission's findings are:

"1. That claimant, Carl W. Cooper, sustained an accidental personal injury to his eye arising out of and in the course of his employment with the respondent, October 19, 1929.

"2. That as result of said accidental injury to claimant as result of the eye injury, and while on a trip to Mangum from Granite, for treatment for said injured eye, he sustained an automobile injury on the slippery road, which resulted in the fracture of the left patella, preventing him from returning to his regular labor until May 10, 1929. * * *"

We are inclined to the view as expressed by Mr. Justice Salinger in Griffith v. Cole, 183 Iowa, 415, 165 N. W. 577, that the fact that claimant was born was as much a causal connection with the injury occasioned by the wrecked automobile as was his employment or his previous accident.

The reasoning in the cited case follows:

"The. most that may be said, where, as here, an employee is injured while sitting in his boarding tent preparatory to going to bed, is that if he had not been employed he would not have been present in the tent and would not have been struck at the time he was. In the same sense, the fact that he was born establishes a causative connection. If he had never come into being he could not have been struck by lightning. * * * 'It is not enough for the applicant to say "the accident would not have happened if I had not been engaged in this employment, or if I had not been in that particular place." The applicant must go further and must say "the accident arose because of

something I was doing in the course of my employment and because I was exposed by the nature of my employment to some peculiar danger.' "

The rule applicable here is stated in Lucky Kidd Mining Co. v. Indus. Comm., 110 Okla. 27, 236 Pac. 600:

"A compensable accidental injury must disclose from its circumstances the existence of two essential elements. It must have resulted 'in the course' of employment, and it must also have arisen 'out of' the employment. The absence of either of these essential elements destroys the application thereto of the beneficent provisions of the Compensation Law." Baker v. St. Indus. Comm., 138 Okla. 167, 280 Pac. 603; Ryan v. Indus. Comm., 128 Okla. 25, 261 Pac. 181; Tulsa St. Ry. Co. v. Shoemaker, 106 Okla. 99, 233 Pac. 182; Hamilton v. Randall, 136 Okla. 170, 276 Pac. 705; Moore & Gleason et al. v. Taylor, 97 Okla. 193, 223 Pac. 611.

In order that recovery might be had, both conditions must exist. Ryan v. Indus. Comm., supra. Neither alone is sufficient. In re McNicol, 215 Mass. 497, 102 N. E. 697, cited in Superior Smokeless Coal & Mining Co. v. Hise, 89 Okla. 70, 213 Pac. 303.

"In the course of" the employment means the accident comes while the workman is doing the duty which he is employed to perform. "Out of" the employment, as used in the law, means that there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. "Under this test," says the McNicol text, "if the injury can be seen to have followed as a natural incident of the work and to have been contemplated by a reasonable person familiar with the whole situation as a result of the exposure occasioned by the nature of the employment, then it arises 'out of' the employment. But it excludes an injury which cannot fairly be traced to the employment as a contributing proximate cause and which comes from a hazard to which the workmen would have been equally exposed apart from the employment. **The causative danger must be peculiar to the work and not common to the neighborhood.** It must be incidental to the character of the business and not independent of the relation of master and servant. It need not have been foreseen or expected, but after the event, it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence."

Did the accident to claimant on the date of November 8th arise in the course of his employment with the gin? We are not without doubt. He received pay during the time, yet he was not performing duties in connection with the gin and was not on his employer's premises, but operated his own car, and in fact was going home. However, it may be said he was doing a service beneficial to his master and with his master's consent, that is, by securing treatment reducing a possible cost of compensation for the previous eye injury. We assume without deciding that claimant was in the course of his employment when the last accident occurred and approach the decisive issue—Did the last accident arise "out of" the employment? We hold it did not, for it was not the result of the exposure occasioned by the nature of the employment, but, on the other hand, it was the result of a condition common to the neighborhood—an ordinary automobile accident. It may just as well have been a bolt of lightning. It was not incidental to the character of the business in which claimant was employed. The highway collision was the proximate cause of the accident—it was an intervening cause. Surety Co. v. Galloway, 89 Okla. 45, 213 Pac. 850. Consequently we can and do say, without hesitation, that the last injury did not arise out of the employment. The latter injury was no more the result of the former accident than it was the result of claimant's having been born. It is equally clear that but for either event claimant would not have been where he was when last struck, but such is not the text. The decisive fact is that the latter accident was in no sense due to the employment, nor did it result from a risk reasonably incident to the employment, and there is a severance rather than a causal connection between the conditions under which the work was required to be performed and the resulting injury. Lucky Kidd Mining Co. v. St. Indus. Comm., supra.

There must be some causal connection between the injury and the employment, and if the injury is sustained by reason of some cause having no relation to the employment, it does not arise out of the employment. It is not enough that the injured person may have been present at the time of the accident because of his work, unless the injury is the result of some risk of the employment. Becker Asphaltum Roofing Co. v. Ind. Comm., 333 Ill. 340, 164 N. E. 668; Gooch v. Indus. Comm., 322 Ill. 586, 153 N. E. 624.

"An injury not fairly traceable to the employment, as a contributing proximate cause, does not arise out of the employment." Jefferson Ptg. Co. v. Ind. Comm., 312 Ill. 575, 144 N. E. 356.

In the Becker Asphaltum Rfg. Case, cited, the employee's injury occurred in collision, while he was under half pay, but on a recreational mission. The claim was denied under the holding that:

"A risk is incident to the employment when it belongs to or is connected with the duties a workman has to perform under his contract of service."

Certainly in the case at bar the risk of a highway collision was not connected with the duties of a gin section man. Coffee v. Coffee Laundries, Inc. (Conn.) 143 Atl. 880.

In Hornby's Case (Mass.) 147 N. E. 577, it was said:

"It has been held that the danger of being struck by a passing automobile does not arise out of the employment, but is a danger peculiar to public travel, to which all pedestrians upon the public ways are exposed." Indus. Comm., etc., v. Anderson (Colo.) 169 Pac. 135.

In the Scholtzhauer Case, 233 N. Y. 12, 134 N. E. 701, it was held the injury to be compensable "must have been received while the employee was doing the work for which he was employed, and in addition thereto such injury must be a natural incident to the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work," and further:

"An award cannot be made where the accident results from the chances of life in general to which the injured person was exposed in common with all mankind rather than as an employee."

In the case at bar the Commission requires by its order that the employer and insurance carrier pay to claimant $392.44, "as temporary total compensation as the result of accident sustained November 8, 1929, which was **directly contributable to the accident of October 19, 1929**, while in the employ of the respondent company." We cannot give assent to the reasoning employed, for it is not supported by the rule of law set forth in the cited cases, which impress us as being sound.

The automobile accident of November 8, 1929, was the intervening agency, and in itself became the direct and immediate cause of the injury. Phillabaum v. Lake Erie & W. Ry. Co., 315 Ill. 131, 145 N. E. 806.

The hazard of roadway collision was not

directly connected with the work claimant was employed to do. Lane v. Atlantic Wks., 111 Mass. 136.

Our statute, section 7284, C. O. S. 1921, restricts compensable injuries to mean "only accidental injuries arising out of and in the course of employment, and such disease or infection as may naturally * * * result therefrom."

In the case of Kill v. Ind. Com. of Wis., 152 N. W. 148, the claimant received an injury to his wrist. His wrist became infected. He engaged in a boxing bout and the infection was so "lighted up" that he lost his hand. It was held the injury originally sustained was not the proximate cause of the resulting loss, but that the fight was the intervening proximate cause. See, also, Bunge Bros. Coal Co. v. Ind. Comm., 306 Ill. 582, 138 N. E. 189, and Upham's Case, (Mass.) 139 N. E. 433, where appendicitis was an intervening cause. Baker v. Indus. Comm., 138 Okla. 167, 280 Pac. 603.

We conclude, therefore, that the accident of November 8th did not arise out of the employment, since such a new and intervening happening as the roadway collision was not a feature or hazard of the employment. There was no causal connection between the work and the accident.

The question of whether the accident arose out of and in the course of employment is sometimes a mixed question of law and fact, whereas, again, it may be solely a question of law. Where the facts are not in dispute, as here, it is a question of law.

In Producers Lbr. Co. et al. v. Butler et al., 87 Okla. 173, 209 Pac. 738, it was said:

"In cases like the one at bar, where the evidence with respect to the relation under investigation is sufficient to establish the existence of some relation and is uncontroverted and is reasonably susceptible of but a single inference, the question of what relationship is thereby shown to exist is purely a question of law." Inland Steel Co. v. Lambert (Ind.) 118 N. E. 162; Crawford v. Ind. Com., 71 Colo. 378, 206 Pac. 1073; Jenczewski v. Aluminum Co., 191 N. Y. S. 392; Raynes v. Staats-Raynes Co., 68 Ind. App. 37, 119 N. E. 809.

The Illinois court in Eugene Dietzen Co. v. Indus. Board, 279 Ill. 11, 116 N. E. 684, said:

"While the Industrial Board's findings of fact are conclusive on this court, the legal conclusions of that board, based upon their findings, are subject to the supervision of this court. The Workmen's Compensation Act does not make the board's legal conclusions binding upon this court. If it is clear upon the facts that as a legal conclusion an injury was not accidental or that it did not arise in the course of the employment, a contrary conclusion awarding compensation will not be allowed to stand."

In Clinchfield Carbo-Coal Corp. et al. v. Kiser, 139 Va. 451, 124 S. E. 271, it was held that whether the accident fell within the act was a mixed question of law and fact.

In Drumright Feed Co. v. Hunt et al., 90 Okla. 277, 217 Pac. 491, this court held that:

"The question as to whether the claimant was in the employ of the feed store and what his duties were under his employment, the manner in which he sustained his injury, the extent of his injury, are questions of the fact, which when found by the Commission are conclusive upon this court, but the question whether or not such facts come within the purview of the Workmen's Compensation Act, or whether the claimant's duties constitute 'hazardous employment' as defined by statute, are questions of law, reviewable by this court."

So then, as applied to the case at bar, where the facts are not in dispute concerning employment, injury, the extent thereof, the resulting application of such facts present a reviewable question of law. Harrison v. Central Const. Co., 135 Md. 170, 108 Atl. 874; Hazelwood v. Sanitary Mfg. Co., 208 Ky. 618, 271 S. W. 687; Hancock v. Indus. Comm., 58 Utah, 192, 198 Pac. 169; Heitz v. Ruppert, 218 N. Y. 148, 112 N. E. 750; Cayle v. Waukesha Gas & Elec. Co., 172 Wis. 554. 179 N. W. 771; Houlehon v. Pullman Co., 280 Pa. 402, 124 Atl. 640; Radtke Bros. v. Rutzinski, 174 Wis. 212, 183 N. W. 168.

Consequently we hold that the conclusion of the Industrial Commission that the accident of November 8th was contributable to the accident of October 19th, is not conclusive, but presents a question of law reviewable.

The cause is remanded, with directions to dismiss the claim.

HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. LESTER, V. C. J., concurs in conclusion. CLARK, J., dissents. MASON, C. J., and HUNT, J., absent, not participating.

Note.—See under (1,3,) anno. 10 A. L. R. pp. 1488, 1489; 28 R. C. L. p. 802, R. C. L. Perm. Supp. 6224.