GOVERNAIR CORPORATION, a corporation, Petitioner,

v.

The DISTRICT COURT OF OKLAHOMA COUNTY, State of Oklahoma, and Honorable Clarence Mills, a Judge of said court, Respondents.

No. 37013.

Supreme Court of Oklahoma.

Feb. 14, 1956.

Monnet, Hayes & Bullis, Oklahoma City, for petitioner.

Brown, Brown & Brown, McAlester, for respondents.

JACKSON, Justice.

This is an original proceeding in the Supreme Court by which the petitioner, Governair Corporation, seeks a writ to prohibit the District Court of Oklahoma County and the Judge thereof from assuming jurisdiction in a damage action for personal injuries commenced in the District Court by one William T. Morris as plaintiff against this petitioner as defendant.

It is contended by petitioner that the District Court has no jurisdiction over the action filed by Morris because his petition alleges facts supporting a claim for benefits accruing under the Workmen's Compensation Laws and, therefore, the State Industrial Commission has exclusive jurisdiction by virtue of the provisions of Title 85 O.S.1951 § 12.

It appears from the allegations of Morris' petition filed in District Court that he was employed by this petitioner, Governair Corporation, at its plant in Oklahoma City, and that on August 24, 1953, he sustained a severe injury to his right leg which arose out of and in the course of his employment and which was admittedly compensable under the Workmen's Compensation Law. This injury rendered Morris semiconscious from shock and loss of blood. Immediately thereafter, Morris' foreman and another fellow-employee helped him into a pick-up truck belonging to the employer and started to a hospital or doctor to obtain medical treatment for the injury. Travelling east on Northwest Tenth Street in Oklahoma City, the foreman, who was driving, ran a red traffic light at the intersection of Classen Boulevard and collided with an automobile travelling north on Classen. The collision resulted in additional injuries to Morris, separate and distinct from the injury he sustained at the plant.

A claim was filed by Morris before the State Industrial Commission on account of the injury sustained at the plant and in the order therein entered he reserved his rights with regard to the subsequent injury pending disposition of a common-law action thereon. He then commenced the action in question in the respondent, District Court, to recover damages for such injuries.

It is admitted that Morris' employment with the Governair Corporation was subject to the provisions of the Workmen's Compensation Law, 85 O.S.1951 § 1 et seq., and that he was entitled to the benefits therein prescribed in the event of any injury sustained by him "arising out of and in the course of" his employment as set forth in section 11 of the title.

It must also be admitted that any liability of the employer accruing under the Workmen's Compensation Law is in the exclusive jurisdiction of the State Industrial Commission and no action therefor may be maintained in the district courts. Title 85 O.S.1951 § 12; Wilson & Co., Inc., of Oklahoma v. Musgrave, 180 Okl. 246, 68 P.2d 846.

However, it is contended by the respondent that, under the facts alleged in the district court petition, the injury sustained by respondent, Morris, at the street intersection, was not one "arising out of and in the course of" his employment at the plant and, therefore, the district court does have jurisdiction. This is the issue before us in the present proceeding.

No case is cited by either party which is directly in point and decisive of the issue presented here. However, this court has in several cases had under consideration the meaning of the terms "arising out of" and "in the course of" as those terms are used in the Workmen's Compensation Law and the application of the terms to the varying fact situations as presented in the respective cases which we find helpful in consideration of the instant case.

In R. J. Allison, Inc., v. Boling, 192 Okl. 213, 134 P.2d 980, 982, the court said:

"It seems to be agreed that the expressions 'arising out of' and 'in the course of' are not synonymous, the first referring to the origin or cause of the accident and the second to the time, place, and circumstances under which it occurred. * * * The first refers to causal connection. Under it 'the act being performed by the workman at the time of his injury must be part of the duty he was employed to perform or must be reasonably incidental thereto.' * * * The second requirement is fulfilled when the accident 'occurs within the period of his employment, at a place where he may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.'"

In the case of Farmers' Gin Co. v. Cooper, 147 Okl. 29, 294 P. 108, the employee had received a minor injury to his eye which was not disabling but did require medical treatment. Some few days afterward he obtained permission of his employer to take time off to visit a specialist in a neighboring town to have his injured eye treated, making the trip in his own automobile. His claim was filed on account of an injury received in an automobile collision during the trip. It was there held that under the circumstances of that case, the injury did not arise out of the employment, since such a new and intervening happening as the roadway collision was not a feature or hazard of the employment. There was no causal connection between the work and the accident.

■ As a general rule, an injury suffered by an employee while on his way to or from work is not one arising out of and in the course of employment. But in Johnston v. Penwell, 197 Okl. 368, 171 P.2d 266, in the first paragraph of the syllabus, the court said:

"When, under an express or implied agreement transportation is furnished by an employer as an incident to the employment, an injury sustained by an employee going to his place of employ-

ment in a vehicle furnished by the employer and under the employer's control, arises out of and is within the course of the employment within the meaning of the Workmen's Compensation Law."

■ For an injury to arise out of employment, it must result from risk reasonably incident to the duties of the employment.

In Town of Granite v. Kidwell, Okl., 263 P.2d 184, in the first paragraph of the syllabus, the court said:

"An injury arises out of the employment when there is apparent to the rational mind, upon consideration of all the circumstances, a causal connection between the conditions under which the work is required to be performed and the resulting injury. It need not have been foreseen or expected, but after the event it must appear to have had its origin in a risk connected with the employment, and to have flowed from that source as a rational consequence."

In the instant case it is alleged in the petition in question that the first injury arose out of and in the course of Morris' employment. What followed was the direct and immediate result of that injury. It was also alleged that the injury caused shock and loss of blood which rendered the employee semiconscious. This was a situation calling for prompt and immediate medical attention. It is made the duty of the employer under provisions of the Workmen's Compensation Law, 85 O.S.1951 § 14, to provide medical treatment promptly to an injured employee, and, in assisting Morris to the truck and furnishing transportation to the doctor or hospital, as it was alleged, the foreman was doing no more than attempting to fulfill that duty of the employer. The attempt to get the injured employee to a doctor or hospital exposed him to the dangers and hazards of the public streets which were not usually incident to his employment but were certainly incident to a situation which had suddenly developed as a result of the employment.

It is apparent from a study of the facts, as alleged in the district court petition, that

the second injury therein alleged, and which is set forth as the basis for the common-law action, was one in an unbroken chain of successive events, all originating in the employment and being touched off by the first injury.

We must conclude, therefore, that the injury sustained by Morris at the street intersection, occurring as alleged in his petition, arose out of and in the course of his employment, and that any common-law action he might have had against his employer, the petitioner herein, on account thereof, is abrogated and abolished by the provisions of Title 85 O.S.1951 § 12.

It follows that the respondent, the District Court of Oklahoma County, is without jurisdiction in said action insofar as it concerns the liability of this petitioner, and that the writ should issue.

It is so ordered.

JOHNSON, C. J., WILLIAMS, V. C. J., and WELCH, CORN, DAVISON, HALLEY, and BLACKBIRD, JJ., concur.