**BANKERS INVESTMENT COMPANY and St. Paul Fire & Marine Insurance Company, Petitioners,**

v.

**Marie A. BOYD and State Industrial Court of the State of Oklahoma, Respondents.**

**No. 48442.**

Supreme Court of Oklahoma.

Feb. 22, 1977.

4. See Public Information Letter No. 67, August 18, 1969, and Public Information Letter No. 80, August 22, 1969.

Milton R. Moon, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, for petitioners.

Claude E. Love, Oklahoma City, for respondents.

SIMMS, Justice.

Claimant, Marie A. Boyd, was an office employee of Banker's Investment Company, whose insurer was St. Paul Fire and Marine Insurance Company. On March 9, 1972, claimant was accidentally injured when she cut her left thumb while inserting a razor blade in a scraper. Medical treatment was provided to claimant and she continued working until May 12, 1972, when she was terminated for inability to carry out her duties.

Medical treatment for left thumb and hand continued, and temporary total compensation was paid for the period of May 15, 1972 to January 7, 1973.

On April 20, 1973, claim was filed seeking compensation for the injury to the left hand and thumb; and also for a second injury received November 7, 1972 as the result of an automobile accident while claimant was a guest passenger traveling to the hospital for treatment of her injured left hand.

When initially presented on October 9, 1973, the trial judge declined to hear both injury claims and the claim for the second injury arising from the automobile accident was withdrawn. Trial was then limited to allowance of additional temporary total compensation, medical bills, and adjudication of permanent partial disability to the hand.

An order awarded further temporary total compensation from January 7, 1973 to October 1, 1973, and 20% permanent partial disability to the left hand. On en banc appeal, this order was modified by disallowing temporary total compensation beyond January 7, 1973, and affirmed as modified. No appeal was taken and this order became final.

On October 17, 1973, claim was again made for injuries to Marie Boyd's upper and lower back and chest resulting from the November 7, 1972 automobile accident. Although claimant's employment had been terminated some six months, she was receiving temporary total benefits due to injuries to her left hand at the time of the automobile accident.

Petitioners, hereafter respondents, denied claimant was an employee at time of the auto accident; that auto accident arose out of and in course of employment; and that bodily injury resulted.

Following a March 26, 1974 hearing, an order was entered finding that claimant had suffered compensable injuries to her right hand, arm and shoulder, chest and back, in the wreck. On en banc appeal, this order was vacated and the cause remanded for further proceedings.

After hearing on November 13, 1974, the trial judge made extensive findings of fact concerning the initial injury to the left

hand and subsequent award of compensation therefore. The findings then detailed circumstances of second injury in automobile accident, claimant's injuries, medical complaints, and hospitalization. Upon these findings of fact the court based conclusions of law supporting a 300 week order for temporary total disability from January 7, 1973, including a 58 weeks compensation already accrued.

The trial judge determined the injuries in the automobile accident arose out of and in the course of employment: (1) As the result of an unbroken chain of successive events "touched off" by first injury; (2) Employer had primary duty to provide necessary medical care; (3) Claimant was required to accept treatment or lose benefits; (4) Claimant suffered accidental injury for which respondent was furnishing treatment and paying temporary total compensation; (5) Treatment required claimant's presence and medical benefits would have been forfeited if treatment was refused, injury occurring while en route for treatment; (6) Injury arose out of employment since claimant was directed to seek treatment from respondent's physician; (7) Initial injury received in course of employment made treatment necessary and mandatory, and securing treatment was in course of employment while claimant was receiving compensation for disability attributable to first injury.

Respondents urge three propositions of error in seeking vacation of the award. The first asserts the order is void for lack of jurisdiction, since finding the second injury arose out of and in course of employment is contrary to both the law and the evidence.

In support of this proposition, respondent urges that the first prerequisite for recovery of compensation is the existence of master and servant relationship at time of injury. 85 O.S.1971, § 1, et seq. *Andrews Mining and Milling Co. v. Rhodes,* 192 Okl. 73, 134 P.2d 128. Admittedly, claimant was not an employee on date of second injury. Respondent contends because there was no question of fact as to relationship, trial court should have determined lack of jurisdiction and denied claim as a matter of law, under the rule enunciated in *Farmers Gin Co. v. Cooper,* 147 Okl. 29, 294 P. 108.

In *Farmers Gin Co.,* supra, claimant received compensable eye injury which required specialist's treatment. As a paid employee, claimant drove to a neighboring town for treatment, and sustained further injury in an automobile collision. After reviewing decisions from other courts, we held claimant was not entitled to compensation for injuries sustained in the auto accident because the injuries did not arise out of the employment "since such a new and intervening happening as the roadway collision was not a feature or hazard of the employment. There was no causal connection between the work and the accident."

The issue of whether a second injury arose out of and in course of employment was considered in *Governair Corp. v. District Court, etc.,* Okl., 293 P.2d 918 (1956). An employee sustained severe injury during covered employment and required emergency medical treatment. While traveling toward hospital, company vehicle carrying claimant was involved in collision, resulting in additional injuries, distinct from those sustained during employment. Common law action for damages was brought by claimant, and employer sought to prohibit tort action on ground exclusive jurisdiction was vested in the State Industrial Court.

Prohibition was granted and this Court held claimant's common law action had been abrogated and abolished by Oklahoma's Workmen's Compensation Act. *Governair,* supra, discussed *Cooper,* supra, and recognized requirement in *R. J. Allison, Inc. v. Boling,* 192 Okl. 213, 134 P.2d 980, 982, that:

"  *  *  *  act being performed by the workman at the time of his injury must be part of the duty he was employed to perform or must be reasonably incidental thereto  *  *  *."

Noting the first injury arose out of and in course of employment, the opinion in *Governair* declared what followed was a *direct* and *immediate* result of the initial

injury which causes shock and unconsciousness. Therein we stated:

"It is made the duty of the employer under provisions of the Workmen's Compensation Law, 85 O.S.1951, § 14, to provide medical treatment promptly to an injured employee, and, in assisting Morris to the truck and furnishing transportation to the doctor or hospital, as it was alleged, the foreman was doing no more than attempting to fulfill that duty of the employer. The attempt to get the injured employee to a doctor or hospital exposed him to the dangers and hazards of the public streets which were not usually incident to his employment but were certainly incident to a situation which had suddenly developed as a result of the employment."

The above quoted expression supported the conclusion that injuries in the auto collision were in an unbroken chain of causation, which originated in the employment and touched off by the first injury. What distinguishes *Farmers Gin Co.*, supra, and *Governair* is that causal connection and an unbroken chain of events between work and the accident was present in *Governair* and absent in *Farmers Gin Co.*

Analogous to the case at bar is *Kiger v. Idaho Corp.*, 85 Idaho 424, 380 P.2d 208 (1963). The *Idaho* case involved an initial work connected injury and a subsequent automobile accident which aggravated the first injury. The auto accident occurred on a day when claimant was not working for employer, but while she was enroute to doctor for treatment of the industrial accident. The Idaho Supreme Court found the auto accident did not arise out of and in the course of claimant's employment because there was no causal connection between the industrial injury and the car wreck. Following *Farmers Gin Co.*, supra, the Idaho Court found the highway collision to be an intervening cause breaking the causal connection between the injury and the employment. In *Anderson v. Chatham Electronics*, 70 N.J.Super. 202, 175 A.2d 256 (1961), it was held that injuries sustained by employee in an auto collision while returning from her doctor's office to which she had gone for a medical clearance slip required by employer before returning to work following surgery unrelated to her employment, did not "arise out of and and in the course of the employment." See, *Skelgas Co. v. Ind. Comm.*, 400 Ill. 322, 79 N.E.2d 501 (1948); *Carlson v. Young*, Ohio, Ct.App., 171 N.E.2d 736 (1959).

Claimant relies heavily upon *Fitzgibbons v. Clarke*, 205 Minn. 235, 285 N.W. 528 (1939); and *Taylor v. Centex Const. Co.*, 191 Kan. 130, 379 P.2d 217 (1963) to support argument that her injuries in the November, 1972 highway collision arose out of and in course of her employment.

*Fitzgibbons* involved injury to the hand of a domestic employee while washing clothes. Employer directed employee to seek medical treatment. The injury was subsequently aggravated requiring further trips to the doctor. After a visit to the treating physician, and on the return trip to her place of employment, the employee slipped on ice and fractured her shoulder. It was held the second injury occurred in the course of employment.

*Taylor*, supra, held that injuries to an employee sustained in a truck accident when the employee was returning to his place of employment from medical treatment directed by employer for injury received on job site arose "out of and in course of employment."

We find *Fitzgibbons* and *Taylor* each distinguishable from the case at bar in that the so-called "second injury" in each case occurred during the existence of an employer-employee relationship. Here, six months intervened between termination and injury; and while, in the Kansas and Minn. cases a causal connection existed between work and "second injury", no such causal connection exists here. Rather, the automobile accident, under the facts and circumstances of this case, was an intervening cause which broke the causal connection between employment and injury.

We therefore conclude that claimant's injuries received on November 7, 1972, neither arose out of nor occurred in the course

of employment. Therefore, the Industrial Court was without jurisdiction to enter the award.

By reason of the foregoing, we find it unnecessary to address the two remaining propositions of error.

AWARD VACATED. CLAIM DENIED.

All the Justices concur.