BREWER AND ANDERSON CONSTRUCTION COMPANY, a corporation, and Liberty Mutual Insurance Company, a corporation, Petitioners,

v.

Mason ROBERSON and the State Industrial Court of the State of Oklahoma, Respondents.

No. 50727.

Supreme Court of Oklahoma.

April 25, 1978.

Crowe & Robinson by William Robinson, Oklahoma City, for petitioners.

John R. Sprowls, Pauls Valley, for respondents.

IRWIN, Justice.

Petitioners, hereafter referred to as respondents, brought this proceeding to review an order awarding compensation for permanent partial disability (25%) to the body as a whole resulting from a combination of injuries to claimant's back and neck. Evidentiary circumstances from which the claim arose are not seriously disputed.

Claimant was receiving temporary total compensation for a previous injury when he sustained the injuries here involved. On March 1, 1976, claimant reported to the office of Dr. M. for an examination pursuant to an appointment made for him by respondent insurer. Claimant was placed in an examining chair which was raised approximately 18 inches and tilted backward to facilitate examination. A spray nozzle inserted in his nose filled claimant's mouth with liquid causing nausea and dizziness. Without lowering the chair, claimant was allowed to stand or step from the chair not knowing the chair remained elevated. He fell forward and was injured. Claimant personally filed a claim, and thereafter claimant's counsel filed an amended claim alleging specifically how and when the accidental injury occurred and that he had been sent to the doctor's office by respondents for examination.

Respondents denied occurrence of accidental injury during covered employment or disability resulting from injury during employment. The answer specifically alleged lack of statutory notice and resulting prejudice.

The trial judge found 10% permanent partial disability for cervical injury and 15% permanent partial disability for lumbar injury, and awarded compensation for combined disability of 25% permanent partial disability to the body as a whole. This order was affirmed by the State Industrial Court en banc. The sufficiency of the evidence to sustain the award is not challenged.

Respondents first contend that the claimant's injuries did not arise out of and in the course of employment. Respondents argue that *R. J. Allison, Inc. v. Boling,* 192 Okl. 213, 134 P.2d 980 (1943) which discusses the meaning of the term "aris[ing] out of and in the course of employment", clearly shows claimant is not entitled to an award. Respondents also cite *Farmers Gin Co. v. Cooper,* 147 Okl. 29, 294 P. 108 (1930).

In *Bankers Investment Co. v. Boyd,* Okl., 560 P.2d 958 (1977) we discussed the *Allison* and *Farmers Gin Co.* cases, supra, and also *Governair Corp. v. District Court,* Okl., 293 P.2d 918 (1956). In *Bankers Investment Co.,* supra, we said:

"In *Farmers Gin Co. v. Cooper,* [147 Okl. 29, 294 P. 108,] claimant received compensable eye injury which required specialist's treatment. As a paid employee, claimant drove to a neighboring town for treatment, and sustained further injury in an automobile collision. After reviewing decisions from other courts, we held claimant was not entitled to compensation for injuries sustained in the auto accident because the injuries did not arise out of the employment 'since such a new and intervening happening as the roadway collision was not a feature of hazard of the employment. There was no causal connection between the work and the accident.'

The issue of whether a second injury arose out of and in course of employment was considered in *Governair Corp. v. District Court, etc.*, Okl., 293 P.2d 918 (1956). An employee sustained severe injury during covered employment and required emergency medical treatment. While traveling toward hospital, company vehicle carrying claimant was involved in collision, resulting in additional injuries, distinct from those sustained during employment. Common law action for damages was brought by claimant, and employer sought to prohibit tort action on ground exclusive jurisdiction was vested in the State Industrial Court.

Prohibition was granted and this Court held claimant's common law action had been abrogated and abolished by Oklahoma's Workmen's Compensation Act. *Governair*, supra, discussed *Cooper*, supra, and recognized requirement in *R. J. Allison, Inc. v. Boling*, 192 Okl. 213, 134 P.2d 980, 982, that:

'* * * act being performed by the workman at the time of his injury must be part of the duty he was employed to perform or must be reasonably incidental thereto * * *.'

Noting the first injury arose out of and in course of employment, the opinion in *Governair* declared what followed was a direct and immediate result of the initial injury which causes shock and unconsciousness. Therein we stated:

'It is made the duty of the employer under provisions of the Workmen's Compensation Law, 85 O.S.1951, § 14, to provide medical treatment promptly to an injured employee, and, in assisting Morris to the truck and furnishing transportation to the doctor or hospital, as it was alleged, the foreman was doing no more than attempting to fulfill that duty of the employer. The attempt to get the injured employee to a doctor or hospital exposed him to the dangers and hazards of the public streets which were not usually incident to his employment but were certainly incident to a situation which had suddenly developed as a result of the employment.'

The above quoted expression supported the conclusion that injuries in the auto collision were in an unbroken chain of causation, which originated in the employment and touched off by the first injury. What distinguishes *Farmers Gin Co.*, supra, and *Governair* is that causal connection and an unbroken chain of events between work and the accident was present in *Governair* and absent in *Farmers Gin Co.*"

■ In the present case the fact of accidental injury during employment has been determined. Claimant appeared at the Dr.'s office as directed by the respondents and sustained the accidental injury while at the Dr.'s office. To paraphrase the language in *Governair*, claimant was attempting to comply with a duty imposed by respondents. The danger to which he was subjected at that time most certainly was incident to a situation which developed as a result of his employment. An employer-employee relationship existed. There was a causal connection and an unbroken chain of events between claimant's work and the accidental second injury. The State Industrial Court's adjudication that disability resulting from second injury was compensable is correct and is sustained.

■ The trial court failed to make a finding concerning notice of the alleged accident and this was an issue in the case. In *City of Oklahoma City v. Alvarado*, Okl., 507 P.2d 535 (1973) we held that where statutory notice is not given and the issue is raised, it is the duty of the State Industrial Court to make a finding with respect to whether respondents were prejudiced by failure of claimant to give the statutory written notice before proceeding to make an award. The award must be vacated and remanded for hearing and determination on the question of notice.

AWARD VACATED WITH DIRECTIONS.

LAVENDER, V. C. J., and DAVISON, WILLIAMS, BARNES, SIMMS and DOOLIN, JJ., concur.

BERRY, J., concurs in part and dissents in part.