ROGERS GALVANIZING, Petitioner,

v.

Ben WOODY, Jr., and the Workers' Compensation Court, Respondents.

No. 80693.

Court of Appeals of Oklahoma, Division No. 1.

April 27, 1993.

Ronald Hignight, McGivern, Scott, Gilliard, Curthoys & Robinson, Tulsa, for petitioner.

Carol Seacat, Seacat & Seacat, Okmulgee, for respondents.

## MEMORANDUM OPINION

ADAMS, Presiding Judge:

In this review proceeding, Employer Rogers Galvanizing asks us to set aside a trial court order, affirmed by a three-judge panel on *en banc* appeal, which awarded workers' compensation benefits to Claimant Ben Woody Jr. After finding Claimant had sustained an accidental injury arising out of and in the course of his employment, the order found Claimant temporarily totally disabled and ordered Employer to provide medical treatment. Employer contends there is no competent evidence to support the finding of compensable injury. After reviewing the record, however, we disagree and sustain the order.

## FACTS

Claimant was injured in an automobile accident in November, 1988. Although he was then employed by Employer, the accident was not related to his employment. Claimant was off work for three to four weeks due to the injuries. He returned to work until his deteriorating condition required back surgery in August, 1989. Claimant was on disability leave with partial pay until December 29, 1989, when his family doctor released him for work with restrictions on lifting and bending. However, Employer did not allow Claimant to return to work with the restrictions. Claimant then returned to his family doctor who, in the meantime, had received a letter from Claimant's treating doctor stating "[Claimant's] post operative tests and exams were good." Based on that letter and Claimant's belief he could return to full duty, Claimant's family doctor released him for work with no restrictions on January 4, 1990. However, when Claimant reported for work that day, Employer told him he could not return to active work until he was examined by Employer's doctor. Employer called the doctor and sent Claimant over for his examination. Claimant testified the doctor said "he [Claimant] wasn't able to go back to work and that he [doctor] was going to send me to work hardening, rehabilitation." Claimant started the work hardening program, and on January 23, 1990 he was injured on a back strength testing machine during his two week progress evaluation. It is for this injury that Claimant filed for compensation, alleging

an accidental personal injury arising out of and in the course of employment.

## ANALYSIS

■ Employer claims *Governair Corporation v. District Court*, 293 P.2d 918 (Okla.1956) holds that before a second injury is compensable, the second injury (1) must originate with the employment and (2) be linked to a work-related injury. It argues the second requirement is not met since it is an undisputed fact that Claimant's original injury was "non-job-related." Employer claims that fact alone distinguishes the present case from *Governair* and the case cited by Claimant, *Brewer & Anderson Constr. Co. v. Roberson*, 577 P.2d 1307 (Okla.1978), both of which involve original job-related injuries.

We agree with Claimant that the Employer's argument is flawed. It is the causal connection between the second injury, which is the injury for which Claimant seeks compensation, and the Claimant's work that must be considered, not just the connection between the first and second injury. In *Governair* and *Brewer & Anderson,* the required causal connection was supplied by the link between the second injury and the original on-the-job injury. However, nothing in those cases suggests the causal connection may not exist under other circumstances.

■ Under Oklahoma's Workers' Compensation Act, compensation is due an injured employee only when an accidental injury satisfies both the requirements of "arising out of" and "in the course of" employment. *Thomas v. Keith Hensel Optical Labs*, 653 P.2d 201 (Okla.1982). Whether an injurious event satisfies each of these elements is a fact issue. This Court must accept as binding a trial tribunal's findings of fact which are supported by any competent evidence. *Decker v. Oklahoma State University*, 766 P.2d 1371 (Okla.1988).

■ The first element "arising out of" has two requirements: (1) There must be a "causal connection" existing between the conditions under which the work was re-quired to be performed and the resulting injury, and (2) the injury must have resulted from a risk reasonably incident to the employment. The second element, "in the course of employment" relates to the time, place and circumstances under which the injury was sustained. *Decker*, 766 P.2d at 1374.

■ Employer argues the work hardening program was not a risk incident to Claimant's employment. According to Employer, "Claimant was told that *before* he could return to work he must secure a physical examination to insure he was fit to return to work," as if to argue their employer-employee relationship was terminated. However, Employer's own witness confirmed that "Claimant was still an employee of Rogers Galvanizing when he returned to work on January 4, 1990," and "had just been off for disability leave." The evidence supports the conclusion that Employer's medical examination, and its doctor's requirement of the work hardening program, were part of a policy intended to protect both Employer and its employees. Considering Claimant was an employee directed to attend the work hardening program or else not return to his normal job duties, we must conclude the trial court's implicit finding that injury resulted from risk reasonably incident to Claimant's employment is supported by competent evidence.

The same may be said of the required "causal connection." Employer directed Claimant to obtain the physical exam under its policy for non-job-related injuries, not only to protect the Claimant but also itself and its other employees. Because Claimant's particular job required heavy lifting and repeated bending, Employer admitted it informed Claimant he would have to undergo work hardening as a condition precedent to returning to active work. Moreover, the injury resulted from the testing at the work hardening program and Claimant's own doctors had released him for full work duty having never recommended work hardening. When injured, Claimant was not pursuing a course of therapy cho-

sen by him or his doctors, but one directed by his employer.

Finally, we also conclude the same evidence supports the conclusion that Claimant's injury was "in the course of employment." Claimant was at the place directed by his employer, following his employer's directions when he was injured. The trial court's finding of compensable injury is supported by competent evidence, and its order is sustained. *Parks v. Norman Municipal Hospital*, 684 P.2d 548 (Okla.1984).

SUSTAINED.

GARRETT and JONES, JJ., concur.