**Filed 8/26/96**
FOR THE TENTH CIRCUIT

DORIS SMITH, as Personal
Representative of the Estate of Jimmy
Ray Smith, deceased,

      Plaintiff-Appellant,

v.

CONOCO, INC., a subsidiary
corporation of DUPONT DE
NEMOURS & COMPANY, a
Delaware corporation,

      Defendant-Appellee.

No. 95-6368
(D.C. No. CIV-95-112-R)
(W.D. Okla. )

ORDER AND JUDGMENT[*]

Before TACHA, ALDISERT,[**] and BALDOCK, Circuit Judges.[***]

---

[*]     This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[**]     Honorable Ruggero J. Aldisert, Senior Circuit Judge, United States Court of Appeals for the Third Circuit, sitting by designation.

[***]     After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

Plaintiff Doris Smith appeals the district court's order dismissing her diversity complaint against defendant Conoco, Inc. on the ground that it lacked subject matter jurisdiction. We review the district court's order of dismissal for lack of subject matter jurisdiction de novo, Brumark Corp. v. Samson Resources Corp., 57 F.3d 941, 944 (10th Cir. 1995), and we affirm.

The facts relevant to the court's jurisdiction are not disputed. Plaintiff's husband suffered a fatal heart attack while working at Conoco. On the day in question, decedent was at his office at Conoco performing his normal work activities when he began to feel ill. He entered his supervisor's office to request time off but immediately collapsed. The supervisor called Conoco's emergency medical personnel, but, according to the complaint, their response was delayed while Conoco determined whether decedent was an employee or a contract employee. Plaintiff alleged that Conoco denied decedent access to its emergency facilities, and instructed the supervisor to contact the local community emergency service instead. Plaintiff alleged that this delay caused her husband's death, and that Conoco negligently failed to provide adequate emergency care for her husband. The parties agree that decedent was employed by Conoco and that his heart attack was not work-related.

Conoco filed a motion to dismiss the complaint, asserting that because Conoco was decedent's employer, plaintiff's exclusive remedy was under

Oklahoma's Workers' Compensation Act (WCA). See Okla. Stat. Ann. tit. 85, §§ 11 and 12 (West 1992). The district court agreed, and dismissed the complaint for lack of subject matter jurisdiction. It found undisputed evidence that any emergency assistance rendered to decedent by Conoco's employees which may have aggravated decedent's heart condition was rendered pursuant to Conoco's customary policies and procedures for medical emergency responses. The district court noted that under settled Oklahoma law, an employer may be liable under the WCA for aggravation of a non-work-related prior injury or medical condition if such aggravation occurs as a result of an event which "arises out of" and "occurs within the course of" employment. ITT Continental Baking Co. v. Ware, 620 P.2d 1308, 1310 (Okla. 1980). The district court concluded that to the extent decedent's injuries were caused by any negligent acts of Conoco's employees, they arose out of, and occurred within the scope of, decedent's employment, and were within the scope of the WCA, because they were directed by Conoco's policies. See Decker v. Oklahoma State Univ., 766 P.2d 1371, 1374-75 (Okla. 1988) and Rogers Galvanizing v. Woody, 853 P.2d 790, 792 (Okla. Ct. App. 1993)(defining the "arising out of" and "occurring within the course of" elements). The district court denied plaintiff's motion for reconsideration.

We have carefully reviewed the briefs of the parties, the district court's orders, and the record on appeal. Based on our review of the record, we find no

reversible error and AFFIRM the judgment of the United States District Court for the Western District of Oklahoma for substantially the same reasons set forth in its August 8, 1995 and September 18, 1995 orders.

                                        Entered for the Court


                                        Bobby R. Baldock
                                        Circuit Judge