OLIVE R. WAITE, RESPONDENT, v. JOHN A. BOUTROSS, APPELLANT.—39 S. W. (2d) 454.

Kansas City Court of Appeals.  Opinion filed May 25, 1931.

*Henry M. Shughart* and *Lowell R. Johnson* for respondent.

*Levi E. Cisel* for appellant.

CAMPBELL, C.—This is an action to recover damages to an automobile belonging to plaintiff on account of the alleged negligence of defendant. The cause was tried to the court, without the aid of a jury, resulting in a judgment in favor of plaintiff. Defendant appeals.

The defendant requested the court to declare the law to be that under the pleadings and evidence plaintiff could not recover. The request was denied, and that ruling is assigned as error.

The evidence favorable to plaintiff is that she parked her car upon a public street in Kansas City; that while the car was thus parked and stationary, another car ran into and damaged it.

Plaintiff testified that she did not see the collision; that soon thereafter defendant said to her that he ran into her car, that it was his fault, and he would make it right.

Plaintiff's husband, in her behalf, gave evidence to the same effect.

At the trial defendant stated that while he was driving along the street a truck struck the rear end of his car "and knocked my car against the car that was parked there." The statement of defendant that he ran into plaintiff's car was an admission against interest, and the trier of the fact would be warranted in believing the admission to be true. The fact that defendant's automobile ran into plaintiff's automobile at a time when the same was parked and stationary on the street, made a prima-facie case of negligence against the defendant. [Rokenstein v. Rogers, 31 S. W. (2d) 792; Christie v. Randol, recently determined by this court.]

The value of defendant's evidence to the effect that a truck struck his car and thus caused the collision, was for the court.

The record is free of error. The judgment is affirmed. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by Campbell, C., is adopted as the opinion of the court. The judgment is affirmed. All concur except *Trimble, P. J.,* absent.