Adrian Pearlman and John Lancaster, Appellants, v. W. O. King Lumber Company et al., Appellees.

Gen. No. 40,729.

Opinion filed November 27, 1939.

WERDELL & SINIARSKI, of Chicago, for appellants;
STANLEY WERDELL, of counsel.

Rowe & Bailey, of Chicago, for appellees, W. O. King Lumber Co. and H. Denton; Joseph A. Bailey and Henry H. Caldwell, of Chicago, of counsel.

Mr. Justice McSurely delivered the opinion of the court.

Plaintiffs brought suit to recover damages to their respective automobiles alleged to be caused by the defendants; the jury brought in a verdict for the defendants and plaintiffs appeal.

The statement of claim alleged the negligence of defendant Denton, as the driver of a truck belonging to defendant W. O. King Lumber Company, and also alleged the negligent operation of a Ford auto driven by the defendant Chester H. Brown; that as the result of the negligent operation of the truck and the Ford auto, plaintiffs' autos were wrecked.

In an action for tort, the declaration charging two or more defendants with jointly injuring plaintiff, there may be a verdict and recovery against only one of the defendants and it is immaterial that he remains charged in the declaration with joint negligence. *Linquist v. Hodges,* 248 Ill. 491.

Defendant Brown in his affidavit of defense admitted that he was operating a Ford auto at the time in question but denies any negligence on his part and alleges that the damage done was the result of the negligent and reckless operation of the lumber truck. The lumber company and its driver, Denton, in their defense deny any negligence on their part but allege that the damages were the direct result of the careless manner in which the Ford auto driven by defendant Brown was operated. They admit that their auto truck struck plaintiff Lancaster's auto but deny this was caused by any negligence on their part.

Both plaintiffs are employed by the Parmelee company, which has offices and a garage on the southeast corner of Monroe street and Racine avenue; plaintiffs,

driving their respective autos to work at about 4 o'clock in the afternoon of July 15, 1937, parked their cars at the curb, facing west on the north side of Monroe street, which runs east and west, and about 50 feet west of Racine avenue, which runs north and south; Pearlman's car was in front of and west of Lancaster's car; the brakes were set on plaintiffs' cars. Lancaster had crossed Monroe street and was just stepping into the Parmelee company's place of business when he heard a loud crash and ran out to see what had happened; he saw defendant lumber company's truck pushed up against the back end of his car; he also saw a Ford on the southwest corner that had been wrecked; he then had a conversation with defendant Denton, who expressed regret that the accident happened and explained it by saying: "My motor died and I got hydraulic brakes on my truck and when the motor dies I have no brakes." Another employee of the Parmelee company, working in the garage, heard the crash and his testimony as to what he saw is substantially the same as plaintiff Lancaster's. He also testified as to the expressions of regret and explanation made by defendant Denton that his truck had run into Lancaster's car. Plaintiff Pearlman testified to parking his car at the north curb of Monroe street with the brakes set; that he immediately went to work but knew nothing about the accident until his car had been removed.

No evidence, except as to the extent of the damage to Lancaster's car, was introduced on behalf of the defendants.

We are of the opinion that the verdict of the jury was produced by improper instructions. It was improper to give so many instructions defining and explaining the preponderance or greater weight of the evidence. The substantial facts were not disputed and, in fact, were admitted by the affidavits of defense.

The court also improperly instructed the jury that

the mere fact that there was a collision and plaintiffs' automobiles were damaged does not of itself entitle them to recover against the defendants. The jury was in fact told that unless the plaintiffs could prove by a preponderance of the evidence which of the defendants was to blame they could not recover, and also were instructed that if the jury believed that the defendants did nothing to cause the damage in question the verdict should be not guilty. The court repeatedly and at length instructed the jury to the effect that there was no evidence on which to predicate a verdict of guilty as to the defendants.

While it is a general rule that the mere happening of an accident, together with the exercise of ordinary care by the plaintiff, does not, alone, raise the presumption of negligence, yet, as pointed out in *Barnes v. Danville St. Ry. & Light Co.,* 235 Ill. 566, 573, the presumption of negligence does arise where the accident is shown to proceed from an act of such a character that when due care is taken in its performance no injury ordinarily results from it, or where it is caused by the mismanagement of a thing over which the defendant has control. The opinion cites cases supporting the proposition that, where an accident happened under certain circumstances where ordinarily no accident would happen, this will amount to a presumption of the defendant's negligence. The law presumes that the usual and ordinary thing will occur, and where a vehicle runs into another vehicle which is safely parked at the side of the road, the accident is of such a nature that it would not occur where due care had been used. It is reasonable to assume that it is chargeable to some want of care on the part of the driver of the vehicle causing the damage. This was the view taken in *Howlett v. Randol* (Mo. App.), 39 S. W. (2d) 463; *Waite v. Boutross,* 225 Mo. App. 724, 39 S. W. (2d) 454; *Slappey v. Schiller,* 116 Cal. App. 274, 2 P. (2d) 577; *Becker v. Mattel* (La. App.), 165

So. 474; *Bryne v. Great Atlantic & Pacific Tea Co.,* 269 Mass. 130; *Griffith v. V. A. Simrell & Son Co.,* 304 Pa. 165, and *Davis v. Brown,* 92 Cal. App. 20, considering similar facts. This applies to the facts in this case. The truck was under the exclusive control of the driver Denton. If run as usual, no accident would have happened.

There is no defense in this case. Either one or both of the defendants are guilty. The only question for the jury to decide is, which one of the defendants is guilty, or both, and the amount of the damages. Plaintiffs have been damaged in their property and should be paid the amount of their damages.

The case should have been submitted to the jury under proper instructions, as we have indicated. For the error in this respect the judgment is reversed and the cause remanded.

*Reversed and remanded.*

MATCHETT, P. J., and O'CONNOR, J., concur.