Leota SNOWBARGER, Guardian of Marie
Brown, Claimant, Respondent,

v.

M. F. A. CENTRAL CO-OPERATIVE,
Employer, Appellant,

and

M. F. A. Mutual Insurance Company,
Insurer, Appellant.

No. 48564.

Supreme Court of Missouri,

En Banc.

Sept. 11, 1961.

Howard F. Major, Columbia, James A. McGee, Columbia, for appellants.

L. F. Cottey, Lancaster, Clare Magee, Unionville, for respondent.

HOLLINGSWORTH, Judge.

The employer and its insurer have appealed from a judgment of the Circuit Court of Schuyler County reversing an award of the Industrial Commission of Missouri denying workmen's compensation in the above captioned case. The appeal, notice of which was originally filed in this court, was transferred to the Kansas City Court of Appeals on jurisdictional grounds. See Mo., 317 S.W.2d 390. Following hearing of the appeal in that court, a majority thereof adopted an opinion written by Sperry, C., reversing the judgment of the circuit court and remanding the cause with directions to reinstate the award of no com-

pensation made by the commission. See Mo.App., 328 S.W.2d 50, 54. That court also ordered that "because of the importance of the question involved," the cause be and it was transferred to this court pursuant to the provisions of Article V, § 10, of the Constitution of Missouri, V.A.M.S. It was thereafter orally argued and submitted to this court en banc upon the briefs filed when the appeal was originally perfected.

Careful study of the opinion adopted by the Court of Appeals and the cases cited therein has convinced us that the opinion succinctly defines the issue presented and contains an adequate and sound analysis of the law involved.[1] This court, therefore, adopts by reference the opinion of the majority of the Court of Appeals, adding thereto a brief discussion of certain contentions made in the brief of counsel for the claimant and in oral argument to this court.

Under Point II of claimant's brief, it is asserted: "Appellants (defendants)[2] offered no evidence whatever. Respondent's (claimant's) evidence was undisputed and unimpeached. The Commission's Award affirmatively finds all facts essential to a recovery in this case. The two man majority of the Commission simply reached the wrong conclusion on the admitted facts. Their conclusion that un-

der those facts 'as a matter of law Brown's automobile accident and resulting death did not arise out of and in the course of his employment,' was, as it declares itself to be, a mere conclusion of law which is in nowise binding on this court." We cannot agree that the award was predicated as a matter of law upon admitted facts. While it is true that the testimony of claimant's witness (defendant's acting manager) was not contradicted, the credibility of a material portion thereof is challenged throughout defendant's brief. Of course, the commission may not arbitrarily ignore competent, substantial and undisputed evidence and base its findings upon conjecture or personal opinion. Toole v. Bechtel Corporation, Mo., 291 S.W.2d 874, 880. But, on the other hand, the commission cannot be required to accept as true the testimony of claimant's witness if the commission, in exercising its power and duty to determine the facts, does not believe the testimony of that witness. Smith v. Smith et al., Mo., 237 S.W.2d 84, 89; Damore v. Encyclopedia Americana, Mo., 290 S.W.2d 105, 108. In reviewing the action of the commission in these respects, we consider the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award of the commission to determine whether the findings are supported by substantial and competent evidence upon the whole record and are not

1. The opinion does not discuss Corbett v. Nash Engineering Co., 8 Connecticut Workmen's Compensation Commission Digest 285–286 (erroneously cited as being reported in 8 Comm.W.C.D. 285) because the court did not have access to it. There, claimant had received an injury to his eye. Some weeks thereafter, at the request of his employer, he made a trip to Bridgeport in his own automobile to see an eye specialist, for the use of which automobile he was paid transportation based on railroad fare. Thereafter, in the course of another trip made under the same conditions, his automobile collided with another, as a result of which he received a fracture of his forearm and internal injuries. The commission held these injuries compensable, saying: "The visits to the

eye specialist in Bridgeport were necessary as a result of the primary injury to the claimant's eye, and the injury that resulted from the automobile collision on August 28, 1929, was therefore a consequence flowing from the primary injury. The claimant was doing something incidental to his employment for the benefit of himself and his employer, *and was following the direct order of his employer in coming to the doctor's office in Bridgeport.*" (Emphasis supplied.) We think that case clearly distinguishable from the instant case.

2. Inasmuch as the opinion of the Court of Appeals refers to the employer as though it were the sole defendant, we shall for convenience likewise so refer to it.

contrary to the overwhelming weight of the evidence. Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136, 141 [6, 7]; Brown v. Anthony Manufacturing Co., Mo., 311 S.W.2d 23, 27; Corp v. Joplin Cement Co., Mo., 337 S.W.2d 252, 258.

In this case we have no hesitancy in holding that the commission cannot be convicted of arbitrarily rejecting the interpretation placed by claimant's witness upon the meaning and purport of his conversation with Brown relating to the latter's proposed trip to Hedrick. In the first place, the statement made to Brown by the witness, to wit: "*If you think* that guy can fix you up, all right * * * go on up there," tends on its face to negative *any direction* given by the witness to Brown to make the trip. In the second place, it is evident that the whole commission undertook to and did evaluate the true meaning of the above statement; and that the majority of the commission rejected the interpretation placed upon it by claimant's witness. This is shown by the fact that the majority of the commission interpreted the statement to warrant a finding merely that "the trip for the purpose of receiving said medical treatment was made with the knowledge and by the permission of the employer," whereas one of the commissioners, dissenting, interpreted it to warrant a finding that Brown was injured "while he was on a trip *directed by* and consented to by the employer." (Emphasis supplied.) Those differing and conflicting findings authorize, as we construe them, but one conclusion, to wit: that the majority of the commission found the testimony of claimant's witness (to the effect that he *directed* Brown to make the trip) to be incredible.

■ Claimant's brief also urges a further contention in support of the judgment of the trial court. It is that compensation should be awarded claimant upon the mere hypothesis that Brown's trip was undertaken for the mutual benefit of both Brown and defendant, to wit: that the trip was for the preservation of Brown's health and

in that respect "tended to react ultimately to the benefit of the employer as well," and therefore should be classified as an incident of his employment, citing Jackson v. Euclid-Pine Inv. Co., 223 Mo.App. 805, 22 S.W.2d 849. In that case the employee, a garage worker, was held to have been killed in an accident arising out of and in the course of his employment when he inhaled a lethal quantity of carbon monoxide gas while cleaning an automobile in the course of his employment, even though he started the motor of the automobile to serve his personal comfort, to wit: for the purpose of generating heat to warm himself. The opinion simply held that inasmuch as the deceased was actually engaged in the performance of one of his duties as an employee of the garage, that of cleaning an automobile, the ancillary act of turning on the motor to warm himself was an act done in the actual course of his employment to enable him to continue his work in comfort. The facts in that case are clearly distinguishable from those here under consideration. In this case, we think it clear that the majority of the commission found the facts to be: that Brown, dissatisfied with treatment received from the "store" doctor and believing that his "family" doctor residing at Hedrick could "fix him up," voluntarily—no sudden emergency was involved—left the course of his employment and began the trip to Hedrick, during which he was fatally injured by virtue of a risk common to that of the motoring public, to wit: a traffic casualty in nowise arising "in the course of his employment" or incidental to the course thereof. (His duties were those of a cream tester, together with other incidental tasks, such as loading feed and seed and serving customers at defendant's plant in Lancaster, Missouri.)

In Larson's Workmen's Compensation Law, Vol. 1, § 13.13, pp. 185–187, the author discusses the cases referred to in the Court of Appeals opinion, saying of them:

"Some cases have found sufficient connection in the mere fact that the ac-

cident occurred in the course of a trip to the doctor's office necessitated by the compensable injury. In John v. Fairmont Creamery Company [268 App.Div. 840, 50 N.Y.S.2d 253], the workman was killed in an automobile accident while returning from a visit to see the company doctor for treatment of a compensable injury. Compensation was awarded for the death. Other cases have made awards for simple falls in the course of the journey to or from the doctor's office. [Fitzgibbons v. Clarke [205 Minn. 235, 285 N.W. 528] and Goldberg v. 954 Marcy Corporation [276 N.Y. 313, 12 N.E.2d 311], both of which are discussed in the Court of Appeals opinion.] * * * The two cases involving falls, however, had additional facts which might serve to bring the actual trip within the course of employment, so that such falls from neutral or unexplained causes could, under the line of cases discussed earlier, be deemed to arise out of the employment. In the Fitzgibbons case, the employee was on her way to work from the doctor's office, and in the Goldberg case, the employee was sent during working hours to see the doctor. But in the John case, there is nothing in the facts except a trip apparently on decedent's own time in the course of which a highway collision took place due to no specified cause. Even here, however, some special connection with employment could be found, first, in the fact that it was a company doctor to whom decedent had reported, and second, in the fact that decedent lived in another town and was subjected to the necessity of travelling between towns to avail himself of treatment by the company doctor.

"It should not, therefore, be necessarily concluded that anything happening to an injured workman in the course of a visit to the doctor is compensable. To get this result, there should be either a showing that the trip was in the course of employment by usual tests, or that the nature of the primary injury contributed to the subsequent injury in some way other than merely occasioning the journey during which harm from a totally unrelated source occurred. Thus, when the employee, returning home from his last treatment for a broken leg, slipped on the ice and received a fresh fracture in a different place, a denial of compensation was affirmed. [Mack v. M. & S. Maintenance Co., [4 N.J.Super 251, 66 A.2d 734] discussed in the Court of Appeals opinion.] The court addressed itself solely to the question whether any persisting weakness in the leg could have contributed to the fall, and did not discuss the possibility of finding causal connection in the mere circumstance that the primary injury occasioned the trip."

We are convinced that the reasoning of the learned author is sound and applicable under the facts found by the commission. Consequently, for the reasons stated in the opinion of the Court of Appeals and herein to some extent amplified, we find and hold that the judgment of the commission is supported by substantial and competent evidence upon the whole record and that it is not clearly contrary to the overwhelming weight of the evidence.

The judgment of the trial court is reversed and the cause remanded with directions to reinstate the award of no compensation made by the commission.

All concur.