**Biaglo ERRANTE, (Claimant) Appellant,**

**v.**

**FISHER BODY DIVISION, GENERAL MOTORS CORPORATION, (Defendant) Respondent.**

**No. 31503.**

St. Louis Court of Appeals.

Missouri.

Jan. 21, 1964.

Michael J. Ebeling, St. Louis, for appellant.

Albert I. Graff, Malcolm I. Frank, St. Louis, for respondent.

WOLFE, Judge.

This is an appeal from a judgment of the Circuit Court affirming a final award by the Industrial Commission of Missouri denying compensation to the claimant-appellant.

The claimant stated in his claim for compensation that he was injured "on company premises, going up stairs to commence work, when employee's attention was attracted by a loud noise causing him to turn and in this way a twist occurred which cracked through a disc in his back requiring many examinations and treatment, including surgery and traction." The employer in its answer denied that the claimant suffered an accident within the meaning of the Workmen's Compensation Act.

It was admitted upon trial that the claimant was an employee, as alleged, and that the Fisher Body Division of General Motors Corporation was under the provisions of the Workmen's Compensation Law. It was also admitted that the employer had notice of the alleged accident. The time lost, the extent of disability, and the rate of pay were also admitted. The only issue remaining for trial was whether or not the claimant sustained an accidental injury arising out of and in the course of his employment, and if so, what medical expenses should be allowed to him.

The claimant worked in a shift that started around four o'clock in the afternoon and ended near midnight. He testified that on March 21, 1961, he had entered the employer's premises and was going up some concrete steps to the working area. He said that he "heard a real loud noise and turn around all at once." He further said, "I jerked my back, and I couldn't move myself no more. I just don't know what happened to my back."

He testified that he went to the work line, and when the foreman came up to him, he said: "I don't think I can make it. * * * I think I hurt my back on the way up to the step." He then asked for a pass to go down to the nurse and was given one. He stated to the nurse: "The muscles in my back have been sore for about 2 weeks, but tonight when I came in and was going up the steps my back started hurting worse. It is like a pulling, cramping pain in my back and goes

down my Rt. leg." He was given some heat treatment by the nurse and returned to work. He worked throughout his shift, but his back continued to hurt him and he later went to a hospital, where it was found that he had a herniated lumbar disc. He was later operated on for this.

By agreement of counsel a deposition of the claimant was introduced in evidence. In the deposition the claimant was asked what happened as he was going up the steps. He answered: "Well, I was already about half way, I heard someone holler loud. I don't know who was hollering, and I turned around and looked and about the same time, I heard something snap on my back and that was the end of it, and when I was walking up to the job." He was then asked: "You say you were about half way up the steps," and he answered, "Yes, and turned." He was then asked if someone had called his name, and he answered: "No, no one called me at all, I just happened to turn around and look." The questioning continued. "Question: Well, do you know what they said when they hollered? Answer: No. Question: They weren't hollering—go ahead? Answer: Just happened somebody hollered and I turned around and that was the end of it."

Upon the foregoing evidence the Referee for the Division of Workmen's Compensation made the following finding:

"I find from the evidence that the injury which the employee herein sustained to his back resulted from his turning around to look when he heard someone behind him holler, as related in his deposition taken on December 18, 1961, and as such did not constitute an accident within the meaning of the Missouri Workmen's Compensation Law.

"I find specifically that his turning was not a sudden reaction to a loud frightening noise to his rear. Therefore, compensation and reimbursement for medical treatment must be and the same is hereby denied."

This finding was affirmed by the Industrial Commission on appeal.

The contention of the appellant is that there was a finding that the injury was the "result of a spontaneous reaction," and that therefore, as a matter of law, the final award of the Industrial Commission was erroneous. It appears quite obvious from the finding above quoted that the point the appellant attempts to raise is not based upon the record. The finding of the Referee, affirmed by the Commission, is exactly the converse of that which the appellant says it was. It was found that the turning was not a sudden reaction, but that the claimant simply turned around to look when he heard someone holler.

Reviews of this nature are governed by the rule that neither the Circuit Court nor the Appellate Courts may substitute their judgment for that of the Commission. We are obliged, under the Constitution of Missouri of 1945, Article 5, § 22, V.A.M.S., only to determine if the decision is authorized by law and if the findings are supported by competent and substantial evidence upon the whole record. Wood v. Wagner Electric Corporation, 355 Mo. 670, 197 S.W.2d 647; Thacker v. Massman Const. Co., Mo.Sup., 247 S.W.2d 623.

An injury in and of itself is not an accident within the meaning of the Workmen's Compensation Law. State ex rel. Hussman-Ligonier Co. et al. v. Hughes et al., 348 Mo. 319, 153 S.W.2d 40; Smith v. General Motors Corporation, Mo.Sup., 189 S.W.2d 259.

The evidence fully supports the finding that the claimant simply turned to see who was hollering behind him, and this was voluntary and not accidental.

Therefore, the judgment of the Circuit Court affirming the award of the Commission is by this Court affirmed.

RUDDY, P. J., and ANDERSON, J., concur.