**Vincent R. GINTER, Plaintiff-Appellant,**

**v.**

**FREUND BAKING COMPANY, Employer, and Queen Insurance Company of America, Insurer, Defendants-Respondents.**

**No. 31971.**

St. Louis Court of Appeals.

Missouri.

March 16, 1965.

Gordon W. Neilson, St. Louis, for plaintiff-appellant.

J. J. Zych, Albert I. Graff, Malcolm I. Frank, St. Louis, for defendants-respondents.

DOERNER, Commissioner.

This is a claim under the Missouri Workmen's Compensation Law. The Referee found in favor of claimant, but on appeal by the employer and insurer the Industrial Commission reversed that finding and made a final award denying compensation. Claimant's appeal to the St. Louis Circuit Court was unavailing, and he appealed here.

The claimant alleged in his claim that he was injured on August 20, 1962 when "While working in the course and scope of my employment, I stooped and reached way down and was attempting to lift a large box (containing an assortment of bakery items) and while so doing, I got into an awkward, unusual and abnormal position and did then and there suddenly experience and suffer a sudden, unusual and abnormal strain and sprain of my back, thereby injuring me." The employer and insurer in their answer denied that the

claimant suffered an accident within the meaning of the Law. At the start of the hearing before the Referee it was agreed by both sides that on August 20, 1962 the Freund Baking Company was an employer operating under the provisions of the Workmen's Compensation Law; that its liability was fully insured by the Queen Insurance Company of America; that claimant on that date was an employee of Freund Baking, and was working under the Law; that notice was given and the claim filed within the prescribed time; that claimant's average weekly wages were $112; and that compensation of $230.72 had been paid, and medical aid furnished. Thus the only issues remaining for trial were whether or not the claimant sustained an accident arising out of and in the course of his employment within the meaning of the Workmen's Compensation Law; and, if so, the nature and extent of his permanent partial disability.

On his own behalf claimant testified that he was employed by Freund Baking on August 20, 1962 as a " * * * route runner or a swing man," and explained that he relieved each of the regular delivery drivers on five routes one day during the week. The bread and other bakery products ordered by the approximately 70 customers on his route were placed in separate cardboard boxes (whether by claimant or other employees was not stated) and loaded by claimant into his truck. On the day in question he checked in about 4:00 A.M. as usual, and began to load his truck. According to claimant, the area in which he loaded was normally about 15 feet square, but on that day, because building material for construction work was stored in the area, its size was reduced. Claimant did not give the extent of the reduction but did say that while loading he repeatedly had to move the merchandise in order to let others get by. As to the occurrence in dispute claimant testified:

" * * * I stooped over, was in an abnormal position to pick this box

up, I twisted to the right to pick the box up because of the merchandise all around me, to pick it up and put it into the truck, and as I did I got the box I'd say no more than a couple inches off the ground and something snapped and I collapsed and fell to the floor. * * *"

At another point in his direct examination he described his movements as " * * * I bent to the side and stooped over * *" to pick up the box. Claimant said that after remaining prone for about 10 minutes because of the pain he was helped to his feet by other employees and sat on the back of the truck for a few more minutes. He then made all of the deliveries on his route, and returned about noontime. When he complained of the pain in his back his supervisor directed him to go to Dr. J. G. Probstein, who in turn sent him to Jewish Hospital. He remained in the hospital for 21 days.

In its final award denying compensation the Industrial Commission made the following finding:

"We find from all of the credible evidence that the employee, Vincent R. Ginter, did not sustain an accident on or about August 20, 1962, within the meaning of the Missouri Workmen's Compensation Law, as alleged. We believe and find that there was no unexpected or unforseen event happening suddenly and violently as required by our statute. The injury in and of itself is not an accident. Cf. Errante vs. Fisher Body Division, General Motors Corp., S.L.C.A. No. 31,503, (not yet reported) [Mo.App., 374 S.W.2d 521].

"Employee's counsel would have us put great emphasis on claimant's testimony that he 'twisted' to pick up a box. Without belaboring the point, we are convinced that claimant used this term in the context of 'turned'

rather than in the sense of torsional stress.

"Compensation, therefore, must be and the same is hereby denied."

In his brief claimant asserts that his foregoing testimony was not contradicted by a single eyewitness, implies that the Commission was bound to accept it, and argues that the Industrial Commission's finding amounted to a mere legal conclusion and as such is subject to review and correction, or reversal.

██ Reviews of this nature are governed by the rule that neither the Circuit Court nor the appellate courts may substitute their judgment for that of the Industrial Commission. We are obliged, under the Constitution of Missouri of 1945, Art. V, Sec. 22, V.A.M.S., only to determine if the decision is authorized by law and if the findings are supported by competent and substantial evidence upon the whole record. Wood v. Wagner Electric Corp., 355 Mo. 670, 197 S.W.2d 647; Thacker v. Massman Const. Co., Mo., 247 S.W.2d 623; Errante v. Fisher Body Div. General Motors Corp., Mo.App., 374 S.W.2d 521. And in reviewing the action of the Commission we consider the whole record, including the legitimate inferences to be drawn therefrom, in the light most favorable to the award. Snowbarger v. M. F. A. Central Co-Operative, Mo., 349 S.W.2d 224; Brown v. Anthony Mfg. Co., Mo., 311 S.W. 2d 23; Michler v. Krey Packing Co., 363 Mo. 707, 253 S.W.2d 136.

██ We cannot agree that the award was predicated as a matter of law upon undisputed or admitted facts. As was said in Snowbarger v. M. F. A. Central Co-Operative, Mo., 349 S.W.2d 224, 225, where, as here, the claimant's case rested on the testimony of a single witness (defendant's acting manager):

"* * * Of course, the commission may not arbitrarily ignore compe-

tent, substantial and undisputed evidence and base its findings upon conjecture or personal opinion. Toole v. Bechtel Corporation, Mo., 291 S.W.2d 874, 880. But, on the other hand, the commission cannot be required to accept as true the testimony of claimant's witness if the commission, in exercising its power and duty to determine the facts, does not believe the testimony of that witness. Smith v. Smith et al., Mo., 237 S.W.2d 84, 89; Damore v. Encyclopedia Americana, Mo., 290 S. W.2d 105, 108. * * *"

The decisive question for the Commission in this proceeding was whether the claimant had sustained an accident within the meaning of the Workmen's Compensation Law. The injury, in and of itself, of course, was not an accident within the meaning of the Law. State ex rel. Hussman-Ligonier Co. v. Hughes, 348 Mo. 319, 153 S.W.2d 40; Smith v. General Motors Corp., Fisher Body, St. Louis Div., Mo., 189 S.W.2d 259; Errante v. Fisher Body Div., General Motors Corp., Mo.App., 374 S.W.2d 521. In deciding the question presented the Commission did not have to accept the testimony of claimant if there was a substantial basis from all the evidence for rejecting or disbelieving it. Michler v. Krey Packing Co., 363 Mo. 707, 253 S. W.2d 136. Contrary to what claimant appears to believe, the Commission passes upon the credibility of the witness and is not compelled to accept the uncontradicted but disputed testimony of the witness if it does not believe it. Snowbarger v. M. F. A. Central Co-Operative, supra; Damore v. Encyclopedia Americana, Mo., 290 S.W.2d 105; Michler v. Krey Packing Co., supra; Smith v. Smith, Mo., 237 S.W.2d 84.

██ From the finding made it is apparent that the Commission rejected the claimant's version of the occurrence. After a careful consideration of the whole record, including the legitimate inferences to be drawn therefrom, we have no hesitancy in holding that the Commission cannot be con-

victed of having acted arbitrarily and without an adequate reason. Claimant's testimony was by no means unimpeached. For example, claimant testified at the trial that in picking up the box he had stooped over and twisted to his right, and was in an abnormal, unusual position. But in a statement given to the employer on September 24, 1962, only a month after the occurrence, he made no claim about having twisted or being in an abnormal position; his version at that time was that he had merely stooped over to pick up the box in his usual and customary manner. Furthermore, the record shows that after his discharge from the hospital he returned to work about September 24, 1962; that he did precisely the same work as he had done prior to the occurrence and was later given a regular route of his own; that he left his employment with Freund Bakery in January, 1963; that his claim was dated February 14, 1963; and that for the first time, so far as the record shows, he claimed that he had been in an unusual and abnormal position. And even in his claim, it will be noted, there was no allegation that he had twisted his body.

Numerous other areas of impeachment could be cited but the foregoing will illustrate that the Commission did not act arbitrarily in rejecting the claimant's testimony or in finding, as it did, that claimant did not sustain an accident within the meaning of the Workmen's Compensation Law.

The judgment should be affirmed. The Commissioner so recommends.

PER CURIAM.

The foregoing opinion by DOERNER, C., is adopted as the opinion of this court. Accordingly, judgment is affirmed.

WOLFE, P. J., RUDDY, J., and ROY W. McGHEE, Special Judge, concur.