**Julius BRANDT, Employee, Plaintiff-Appellant,**

**v.**

**E. O. DORSCH ELECTRIC COMPANY, Employer, and Consolidated Underwriters, Insurer, Defendants-Respondents.**

No. 31969.

St. Louis Court of Appeals.

Missouri.

Jan. 18, 1966.

Rehearing Denied Feb. 18, 1966.

Application to Transfer Denied April 11, 1966.

James K. Cook, Schuchat, Cook & Werner, St. Louis, for plaintiff-appellant.

Edward W. Warner, Evans & Dixon, St. Louis, for defendants-respondents.

WOLFE, Presiding Judge.

This is an appeal from a judgment of the Circuit Court affirming a final award of the Industrial Commission of Missouri. The final award of the Commission denied compensation to the appellant employee.

The appellant filed a claim for compensation before the Division of Workmen's Compensation in which he stated:

"Employee was hanging fluorescent light fixtures. Employee was working on the top of a scaffold the top of which was at such a distance from the ceiling of the room and the air ducts that employee could not stand up

straight on the scaffold. Employee, standing in an awkward, unbalanced position, was pulling up from the ground a fluorescent fixture by means of a rope. When the fixture was about half way between the ground and the top of the scaffold, as a result of the unusual strain of pulling up the fixture in this posture, the employee felt a sharp pain in his back."

The employer filed an answer in which the allegations of the claim were generally denied.

It was admitted upon the hearing before the referee that E. O. Dorsch Electric Company was an employer under the Missouri Workmen's Compensation Law and that their liability thereunder was insured by the Consolidated Underwriters. It was also admitted that the claimant was an employee on the date of the alleged accident and that he worked at an average weekly wage of $75.00. It was also admitted that the employer had notice of the alleged injury and that the claim was filed within the time prescribed by law.

Upon trial before the referee the employer admitted that the employee was unable to work for ten weeks and that it had paid him $450.00 for the ten weeks. It had also furnished medical treatment at a cost of $1,343.34. The above stated admissions left but four issues for the referee to try. These were whether or not the employee sustained an accident within the meaning of the Workmen's Compensation Law; the nature and extent of the temporary total disability; the nature and extent of the permanent partial disability, if there was any; and whether or not the claimant was entitled to reimbursement for certain medical expenses he was alleged to have incurred.

The referee made an award of $45.00 per week for ten weeks for healing period and an award of $40.00 per week for forty weeks for permanent partial disability, subject to a credit of $450.00 paid by the employer. The referee's finding of fact was as follows:

"I find from the evidence that Julius Brandt sustained an accident arising out of and in the course of his employment with E. O. Dorsch Electric Company on the 17th day of July, 1961 in the City of St. Louis, Missouri, in that the employee suffered an abnormal strain when he was required to lift a fluorescent light fixture weighing 10 to 15 pounds while in an unusual position. Said lifting being done in a manner beyond and different fom his normal routine.

"I further find from the evidence that said accident resulted in temporary total disability from the 18th day of July, 1961 through and including July 23, 1961, and again from the 28th day of July, 1961 through and including September 29, 1961, a period of 10 weeks, for which he is entitled to a healing period of 10 weeks.

"I further find that said accident resulted in 10 per cent permanent partial disability of the body as a whole referable to the low back.

"I also find that the treatment performed by Dr. Martin G. Austin and Dr. David F. Mendelson being performed after October 17, 1961 and for which employee made claim was furnished or incurred by employee more than 90 days after the date of his accidental injury and without a special order of the Commission; that, therefore, the employer and insurer are not liable for the same."

There was an appeal by both the claimant and the employer to the Division of Workmen's Compensation and the Commission reversed the referee and made the following finding:

"We find from all of the evidence that the employee, Julius Brandt, did not sustain an accident or abnormal

or unusual strain on or about July 17, 1961, within the meaning of the Missouri Workmen's Compensation Law, as alleged. We further find and believe that there was no unexpected or unforeseen event happening suddenly and violently as required by our statute. The injury in and of itself is not an accident.

"Compensation, therefore, must be and the same is hereby denied."

It is contended here that the Commission erred in concluding that Brandt, employee, did not sustain an abnormal or unusual strain. The only evidence which the claimant introduced in support of his claim that he suffered an accident or abnormal strain was his own testimony relating to it.

He was 48 years of age and had been an electrician for many years prior to the time he was engaged in working for the E. O. Dorsch Electric Company as a "construction electrician." He had been regularly working as an electrician in new construction. He had been working on the installation of fluorescent light fixtures in the Federal Record Center for about three months. On July 17, 1961 he was installing such fixtures in the basement of the building. He was not definite as to the length of time that he had been so engaged, but it could have been three weeks, and he had installed about one hundred fixtures.

He worked from a scaffold made of metal tubing which supported the scaffold platform on which he worked. The dimensions of the platform and the horizontal plane of the framework of the scaffold were six by four feet. The platform was fifteen feet from the ground. The vertical metal tubes of the supporting frame were held together and in place by cross tubes that formed an X shape. Above the scaffold platform on the side measuring four feet there was a guard rail and on the side measuring six feet there was a brace of tubing in the shape of an X with the crossed tubes extending from each corner of the platform to the top of the guard rail on the opposite ends.

The work in which Brandt was engaged was only that of hanging fluorescent light fixtures. The wire and the part to which the fixtures were attached had been previously installed. He said that his work consisted of lowering a rope to a helper standing on the floor by the scaffold, and the helper would then attach a fixture to the end of the rope. Brandt would pull the fixture up to the platform. After it was on the platform he disengaged the rope and proceeded to install the fixture. He said that the scaffold was higher than it should have been and that he could not stand up straight. He said that he assumed a "straddle legged" position and pulled the rope hand over hand until the fixture was up to the center of the X formed by the tube supports above the platform. He then lifted the fixture on to the platform through the V formed by the top of the X brace. At another point he stated he stood with his feet together.

The place where the occurrence here under consideration happened was a part of the basement where some overhead duct work had been installed. The duct near the place where the claimant was working ran along the ceiling parallel to and on the outside of the scaffold and about six inches from it. The duct work was too low to permit him to lift the fixture through the V formed by the top of the X brace, so he was obliged to pull the fixture through the inverted V formed by the bottom of the X in order to get the fixture on to the platform. He said that he stood with his hands out in front of him over the edge of the scaffold, his right foot in front of him and his left foot behind him, in a crouched position so that he would be able to pull the fixture through the lower part of the tubing. It was a more awkward position than he had previously used. In a statement given to the adjuster by the insurer he stated that he was standing straddle legged, but he said upon interrogation that he thought this meant with his feet apart in any fashion.

The fixtures weighed ten or fifteen pounds. He had installed three in this area in the manner described, and he was lifting the fourth one up to the platform. When it was about seven and a half feet from the floor he felt a sharp pain in his back. He lifted it the rest of the way and installed it.

He said that he did no more work that day and that his legs and back were getting stiff when he went to his doctor that evening. He was off from work "three or four days or maybe a week." He then returned to work. He was transferred to a job at the Fisher Body Company. It was easy work, but he could not stand on his feet because his legs and back were stiff. He went back to his doctor who put him in a hospital twelve days after the occurrence of the alleged injury. He stated that he lost a total of nineteen weeks work.

The claimant's physician testified that claimant was suffering from a ruptured intervertebral disc and had a permanent partial disability which he placed at twenty per cent of the man as a whole. This witness also testified that his diagnosis of herniated intervertebral disc had been conclusive throughout the claimant's entire stay in the hospital. He had, however, signed a report on December 1 in which he stated: " * * * 'his symptom complex and physical findings *do not go along with the diagnosis of a ruptured disc * * *.' "* In answer to a hypothetical question he stated that in his opinion the herniated disc *could* have been caused by the described lifting of the light fixture. A physician who examined the claimant for the employer said that claimant had a soft tissue back strain caused by normal wear and tear on the back and he placed the disability at five per cent of the man as a whole.

■■ It is first contended by the appellant that the case must be remanded to the Commission for a finding of fact because the Commission failed to make a finding of fact as required by statute. The award asserts that the claimant did not sus-tain an unusual strain as alleged. A reference to the allegations, negated by the finding of facts, makes the finding of facts quite adequate. The issue is a simple one. Finding of the ultimate facts are all that is necessary in the absence of a request by either party for further findings by the Commission, if the reasons for its conclusions are in doubt or it is thought that the findings should be amplified. Scott v. Wheelock Bros., 357 Mo. 480, 209 S.W.2d 149; Smith v. General Motors Corporation, Mo., 189 S.W.2d 259; Groce v. Pyle, Mo. App., 315 S.W.2d 482. No request was made by the appellant to the Commission for any amplification in the findings and the wording of the award leaves no doubt as to what the findings were. We therefore rule this point against the appellant.

■■ The second and only other point raised, is that the court erred in concluding that Brandt, the claimant, did not sustain an abnormal or unusual strain. We find it unnecessary to cite authority for the established rule that upon review we cannot substitute our judgment for the judgment of the Commission upon a disputed question of fact. In reviewing the case we limit our consideration to the question of whether or not the Commission could have reasonably reached its conclusions and we bear in mind that the burden is upon the claimant to prove a compensable injury.

■ From the facts which we have stated above we cannot say that the Commission erred in finding that the claimant suffered no abnormal or unusual strain. His testimony leaves that issue in doubt. He was lifting the relatively light objects by means of the rope. He was in some position he had assumed to do this not too arduous task. He had lifted three fixtures, and when the fourth one was half way up to the platform he experienced the pain in his back. He described his position as awkward but never stated that he was in any way straining at his work. He was not aided by the testimony of his physician who concluded that the injury

*could* have been caused by the manner in which the fixture was raised. Such a statement expresses nothing more than a possibility, and that is not sufficient to establish a causal connection. Welker v. MFA Central Co-Operative, Mo.App., 380 S.W. 2d 481.

We affirm the judgment of the Circuit Court which affirmed the judgment of the Commission.

RUDDY, J., and ROY W. McGHEE, Special Judge, concur.

ANDERSON, J., not participating.