**Robert BAUER, Employee-Claimant-Appellant,**

v.

**INDEPENDENT STAVE COMPANY, Inc., Employer-Respondent,**

**Bituminous Casualty Corporation, Insurer-Respondent.**

**No. 8674.**

Springfield Court of Appeals, Missouri.

July 24, 1967.

J. W. Grossenheider, Lebanon, for employee-claimant appellant.

Donnelly & Donnelly, David Donnelly, James E. Baldwin, Lebanon, for employer-insurer respondents.

TITUS, Judge.

Benefits under V.A.M.S. Chapter 287 were denied Robert Bauer by the Division of Workmen's Compensation, the Industrial Commission of Missouri, and the Circuit Court of Laclede County upon a finding he "did not sustain an accident arising out of and in the course of his employment * * * within the meaning of the Workmen's Compensation Law, as alleged." Upon this appeal employee complains the finding "was contrary to all the evidence adduced and there was no credible evidence presented from which such a finding could

have been made." We proceed on the assumption this constitutes an assertion there was not sufficient competent evidence in the record to warrant a finding no accident had been sustained, or, the finding was clearly contrary to the overwhelming weight of the evidence. Art. V, § 22, Missouri Constitution of 1945, V.A.M.S.; V.A.M.S. § 287.490, subd. 1(3) and (4); Hinderliter v. Wilson Brothers, Mo.App., 412 S.W.2d 558, 560.

Claimant had been a stave grader in the employ of Independent Stave Company of Lebanon, Missouri, from November 1961 to December 4, 1964. His duties included the placing of rejected staves onto a skid which, when loaded, was put upon a cart or floor jack that had a four foot handle and four steel wheels. The staves, skid and cart had a combined weight of 200 to 250 pounds. Unassisted, Bauer would pull the loaded cart down an aisle and deposit the skid in an area measuring about fifteen feet square. "When you get down to the end where they stack [the skids] they have to be turned and shoved back in out of the way." Referring generally to the concrete floor in the stave finishing department, claimant said "it was rough in most of the places anyway." The floor in the area where the staves were stacked "had quite a little bit rougher holes."[1] Employer's witnesses portrayed the "holes" as saucer-like indentations that did not become "very deep until they patch them." Except for medical reports received subject to employer's denial of the factual issues, Bauer's testimony constituted all his evidence.

The formal Claim for Compensation filed in the cause and signed by employee, averred that at 1:00 P.M., December 4, 1964, "I was pushing a cart containing stave rejects to an area of the finishing department when I experienced a severe pain in my back." At the trial Bauer testified "As I was pushing this cart back into this place

---

[1]. We do not recount the conflicting testimony concerning the existence or non-existence of a particular floor crack as claimant relates the involved incident entirely to "holes," rather than to the crack.

[where the skids are stacked] it became lodged in the floor * * * became lodged in these holes, had to pull it out in order to get it freed * * * it was hard work to get that out of there." Employee said he made "two or three" tries before freeing the cart and he felt the pain in the small of his back as he "was pullin', pullin' on the cart * * * Well, I just pulled on it and then you can get it out." Thereafter Bauer returned to his machine location. "I just spoke to the man I was working with. * * * I told him my back was hurting me and I couldn't load as fast." Claimant did not undertake to tell his fellow employee any cause for his back discomfort.

Bauer completed his work at 5 P.M., Friday, December 4, 1964, returned home and went to bed where he remained until Wednesday, December 9, 1964. On Saturday, December 5th, claimant sent his wife "to town to get some pills for me because I thought maybe my kidneys was bothering me." He was "kinda hoping" his back trouble resulted from having "gotten in a draft or gotten some cold or possibly had a recurrence of [an old] kidney problem." On December 9th Bauer called upon Raymond Scott, employer's office manager. He then "didn't know what was wrong with my back. * * * I just told [Scott] I was sick, my back was hurting and I had to have something done." Scott recalled: "Well, [Bauer] came into my office on the 9th asking me to recommend a doctor to him and I asked him what the trouble was and he said he had a—had back trouble, his back was hurting him and I asked him if he was injured in the plant and he told me 'No' and I told him who the company doctor was and I recommended—didn't actually recommend I just named two or three other doctors in town." John Franklin, foreman of the stave finishing department, also talked to Bauer on December 9th about "being absent from work * * * and he said 'I've had my back hurt,' and I said 'Well, did you get it hurt out here?' and he said 'No.'" Claimant did not deny or rebut the testimony of either Scott or Franklin.

In a letter to claimant's lawyer, Dr. H. W. Carrington of Lebanon, stated: "Mr. Bauer was first seen on December 9, 1964, complaining of pain in his back which had started the previous week. He reported at that time that he felt that this had been brought on due to exposure to a draft while at work, and that he experienced discomfort in his back while on his job which necessitated pushing." Employee was operated by a Springfield, Missouri, surgeon on December 22, 1964, for a laminectomy at the L4–L5 interspace. Discharged from the hospital January 3, 1965, Bauer was released to return to work on May 5, 1965, with a permanent partial disability rating of ten per cent to the body as a whole. The surgeon's medical report to Bauer's attorney related that when claimant was first observed on December 16, 1964, he "gave a history that twelve days previously he was working in the stave mill * * * and stated that he had to do considerable tugging and pulling on a small cart because of some rough irregular flooring. He noticed onset of back and left leg pain at this time."

■ The burden of bringing himself within the provisions of the law rests upon the workmen's compensation claimant. Leone v. American Can Company, Mo.App., 413 S.W.2d 558, 561(1); Merriman v. Ben Gutman Truck Service, Inc., Mo., 392 S.W. 2d 292, 296(5). To sustain this burden, the employee must not only show he suffered an injury, but additionally must show the injury resulted from an accident arising out of and in the course of his employment within the meaning of the Act. V.A.M.S. §§ 287.020, subds. 2 and 3, and 287.120, subd. 1; Ray v. Great Western Stage & Equip. Co., Mo.App., 413 S.W.2d 576, 579(1). An "accident" under the law is "an unexpected or unforeseen event happening suddenly and violently." It is not the "injury" itself, but the cause of the injury. The injury is the result produced by the accident and the cause of the injury must be accidental to be compensable. Ginter v. Freund Baking

Company, Mo.App., 388 S.W.2d 505, 507; Errante v. Fisher Body Div., General Motors Corp., Mo.App., 374 S.W.2d 521, 523 (2); Tines v. Brown Shoe Company, Mo.App., 290 S.W.2d 200, 201–202 (1–3); Keller v. Bechtel, McCone, Parsons Corporation, Mo.App., 174 S.W.2d 925, 927 (1).

▮ This court, upon a judicial review of a workmen's compensation claim, must determine if the award of the Industrial Commission is "supported by competent and substantial evidence upon the whole record." Art. V, § 22, Missouri Constitution of 1945. In so doing all of the evidence and legitimate inferences arising therefrom must be viewed in the light most favorable to the award. We may not substitute our judgment on the evidence for that of the Commission for it is the Commission that passes upon the credibility of witnesses and the weight to be given conflicting testimony, and if conflicting inferences are permissible, the choice rests with the Commission as to which will be accepted. The Industrial Commission may decide a claim wholly upon a finding of lack of credibility of unimpeached and uncontradicted testimony.[2]

▮ Claimant urges that since his testimony and the recitation in the medical report of the Springfield surgeon constitute the only evidence of an on-the-job injury, the issue to be resolved is one of law and excludes consideration of the weight of the evidence. With this we do not agree. The evidence is in conflict and, as noted above, mere proof of injury is not sufficient to ef-

fect recovery if the record is void of evidence showing an accident occurred which produced the injury. We additionally observe the recital of the surgeon that claimant did "considerable tugging and pulling on a small cart" does not per se describe elements necessary to prove an accident. Ordinarily a physician may not testify to statements of the patient with respect to circumstances surrounding the injury or the manner in which the injury was received. Schears v. Missouri Pacific Railroad Company, Mo. (banc.) 355 S.W.2d 314, 317(1); Garrison v. Campbell "66" Express, Mo.App., 297 S.W.2d 22, 28(3). As the medical report was received subject to employer's denial of the factual issues, it was permissible and proper for the Commission to have disregarded whatever claimant may have told the doctor as to how he was injured. The Commission did not have to accept the testimony of the employee as true (Miranda v. American Refrigerator Transit Co., Mo.App., 392 S.W.2d 413, 419 [3, 4]), and this is so whether the words came directly from claimant's lips or as hearsay out of the mouth of another.

▮ The "No" answers Bauer gave to the specific inquiries of his foreman and employer's office manager if he had been injured on the job, constituted admissions against interest. This is also true of claimant's representation to Dr. Carrington his back trouble resulted from draft exposure. Whether these admissions against interest were to be rejected, taken as true, or accepted to be weighed along with other evidence in the case, was for the Commission to decide.[3]

2. Lawson v. Lawson, Mo.App., 415 S.W.2d 313, 316 (1, 2 and 4); Deffendoll v. Stupp Brothers Bridge & Iron Co., Mo.App., 415 S.W.2d 36, 42(4); Griffin v. Sinks Ford Sales, Mo.App., 413 S.W.2d 856, 858(3); Luketich v. Krey Packing Company, Mo.App., 413 S.W.2d 29, 34(5); McGrath v. Railway Express Agency, Inc., Mo.App., 411 S.W.2d 260, 262(3); Wilhite v. Hurd, Mo., 411 S.W.2d 72, 77(2); Ousley v. Hawthorn Company, Div. of Kellwood Co., Mo.App., 397 S.W.2d 719, 721(1–4).

3. Patterson v. Fitzgibbon Discount Corporation, Mo.App., 339 S.W.2d 301, 307; Munday v. Austin, (banc.), 359 Mo. 959, 218 S.W.2d 624, 628(5); Partney v. Agers, 238 Mo.App. 764, 187 S.W.2d 743, 747(2); Waite v. Boutross, 225 Mo.App. 724, 39 S.W.2d 454(1); Ruckert v. Moore, 317 Mo. 228, 295 S.W. 794, 801 (11); 31A C.J.S. Evidence § 382(a) and (b), pp. 930–943.

Bauer declared in his written claim filed with the Division of Workmen's Compensation his back pain was experienced as "I was *pushing* a cart," and told Dr. Carrington he "experienced discomfort * * * on his job which necessitated *pushing*." In contradiction of this, at trial employee testified the pain was felt as he was *pulling* on the cart. Attention to these divergent assertions would be hypertechnical if isolated, but considered with other inconsistent components in the case, the cumulative effect thereof could have prompted the Commission to resolve the issue of credibility against Bauer. Employee further testified the sharp back pain perceived while pulling the cart on Friday produced such discomfort that he was obliged to go to bed where he remained until "come Wednesday morning." Although Bauer may not have realized he had injured a disc in his spinal column, if his trial testimony was true he should be held to know it was pulling on the cart that produced the pain in his back. Cf., Brown v. Douglas Candy Company, Mo.App., 277 S.W.2d 657, 662–663. "One who has been an actor in a transaction clearly knows what he has done" and is chargeable with knowledge thereof. 1 Merrill on Notice, § 37, p. 26. Employee's statements to his foreman and the office manager he had not been injured on the job, added to other discordant utterances, would justify the Commission in deciding the claim adverse to Bauer for lack of credibility. While we do not know the Commission rejected the claim by simply disbelieving Bauer's testimony, we could not say the Commission acted arbitrarily or without adequate cause if this was its only reason for entering an award denying compensation.

There was no contention or evidence in this case that Bauer slipped or fell, or that he struck or was struck by any object. He did not testify his body was in any uncommon or strained position while pulling on the cart, or that he exerted any extra, sudden or abnormal muscular force, or that he was subjected to any unusual or abnormal strain, stress or twisting. Bauer did testify "it was hard work to get that from out of there," but the mere performance of a hard or laborious task accomplished in the manner intended and unattended by any untoward occurrence, does not constitute an accident under the law. As far as the record reveals, what Bauer did was done intentionally in accordance with preconceived design and nothing unusual occurred except that he felt a pain. This falls far short of sustaining the burden of proving he had experienced an accident arising out of and in the course of his employment.[4] But even assuming, which we do not, the meager evidence adduced would warrant either a finding there was or was not an accident, as the Commission has found against the employee such a finding, under the circumstances of this case, is necessarily conclusive on appeal. Hall v. Mid-Continent Manufacturing Co., supra, 366 S.W.2d at 62, and cases there cited.

The judgment of the Circuit Court approving the finding of the Commission denying compensation is affirmed.

STONE, P. J., and HOGAN, J., concurs.

---

4. Hinderliter v. Wilson Brothers, supra, Mo.App., 412 S.W.2d at 562(2); Mason v. F. W. Strecker Transfer Co., Mo. App., 409 S.W.2d 267, 270(3, 4); Harryman v. L-N Buick-Pontiac, Inc., Mo. App., 402 S.W.2d 828, 831–832(4–7); Brandt v. E. O. Dorsch Electric Company, Mo.App., 400 S.W.2d 452, 456–457 (6, 7); Baker v. Krey Packing Company, Mo.App., 398 S.W.2d 185, 189–190 (3, 4); Closser v. Fleming Company, Mo. App., 387 S.W.2d 194, 198(3–6); Errante v. Fisher, Body Div., General Motors Corp., supra, 374 S.W.2d at 523(2, 3); Hall v. Mid-Continent Manufacturing Company, Mo.App., 366 S.W.2d 57, 62–63 (5); Tines v. Brown Shoe Company, supra, 290 S.W.2d at 201–203(1–4); Higbee v. A. P. Green Fire Brick Co., Mo. App., 191 S.W.2d 257, 258–259(3); Keller v. Bechtel, McCone, Parsons Corporation, supra, 174 S.W.2d at 927–928(3–4).